PICKETT *v.* THE STATE.

1. An arresting officer has no authority without a warrant, upon mere information that another is carrying a concealed pistol, to arrest the latter and search his person for the purpose of ascertaining whether or not he is in fact violating the law prohibiting carrying concealed weapons. Even if he was so doing, the offense was not, in legal contemplation, committed in the presence of the officer, and such an arrest and search are unauthorized by law, and are, within the meaning of the constitution, unreasonable.

2. Where the person thus sought to be arrested fired at the officer with a pistol, was indicted for assault with intent to murder, and upon the trial testimony was introduced to the effect that both parties fired, though it was an issue of fact as to who fired first, it was error to charge: "If you find it would not be a case of murder had death ensued, you will find [the accused] guilty of shooting at another," such charge being erroneous in that it omitted altogether all question of justification on the part of the accused.

March 16, 1896.

Indictment for assault to murder. Before Judge Milner. Bartow superior court. January term, 1896.

On a night in December, 1893, Milner, a police officer of Cartersville, arrested a brother of Dan and Willis Pickett. Dan told Milner he must not take his brother to

the calaboose. Milner replied that he would show him what he would do, and went off with his prisoner, but released him upon his own statement after arrival at the calaboose. They had been followed by Dan and Willis. Somebody had informed Milner that Dan had a pistol. He went to where Dan was standing, and told him he understood he (Dan) had a pistol, and must search him. Dan said Milner had no right to search him; and Milner replied that he did have the right, and was going to do it. He took hold of Dan's arm and with the other hand reached round and felt a pistol concealed in Dan's pocket under his coat. Dan jerked loose and ran off, pursued by Milner. According to Milner's testimony, after they had run a short distance, Dan fired back a shot at him; whereupon Milner shot twice at Dan; then Willis ran up and caught hold of Milner's arm, and Dan escaped. According to the testimony of Willis and the prisoner's statement, Dan had no pistol, and the only two shots that were fired came from Milner's pistol. A witness corroborated Milner as to the number of shots fired, but he could not say who fired first. The night was dark, and there was no light where the shooting occurred. Milner had no warrant authorizing him to arrest and search Dan; and testified that he never had one when he went to arrest anybody.

There was a verdict finding Dan guilty of shooting at another, and his motion for a new trial was overruled. The motion alleges, in addition to the general grounds, that the court erred in refusing to charge the jury, as requested, "that no officer is authorized to arrest another solely for the purpose of searching him," and in giving the following instructions in charge:

"An arrest may be made for a crime by an officer either under a warrant or without a warrant, if the crime is committed in his presence or the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue the warrant.

"Now, you look to the evidence and see whether or not Dick Milner was an officer at the time he made the arrest, if he made the arrest; under what circumstances did he make the arrest, if you find from the evidence that he made an arrest, and that he did not have a warrant in his hands. If you find that he had information that the prisoner arrested had violated the laws of this State, he had a right to arrest him, whether he had a warrant or not; if he had information that he had violated the law, or was violating the law by carrying a weapon, it was his duty to arrest him.

"After arresting him he had a right to search him and take such weapons from his person as would be calculated to result in harm; or if while a prisoner he had endeavored to use such weapon, he had a right to take such things from his possession. You look to the evidence, the court does not express or intimate any opinion about that, and see under what circumstances the arrest was made, if it was made, and the search was made, if any search was made upon the person of defendant, and all the circumstances of the transaction leading to the firing of the shot, if you find that the defendant fired a shot at Milner.

"Now, he contends that he did not fire a shot; he claims that he did not shoot at all, that he did not have a pistol upon his person. You look to the evidence; if you find that he did not shoot, why then he would not be guilty of the offense of shooting at another, or of assault with intent to murder. That is a question made and a question you have to determine, whether or not he fired a shot; and if you find that he fired a shot, and fired a shot under the circumstances and under the law which would make it a case of murder had death ensued, then, as the court has instructed you, you will find a verdict for assault with intent to murder; if you find it would not be a case of murder had death ensued, you will find him guilty of shooting at another. If you find that he did not shoot at all, then you will find a verdict of not guilty."

*J. B. Conyers* and *Kontz & Conyers*, for plaintiff in error.

*A. W. Fite, solicitor-general,* by *A. S. Johnson,* contra.

LUMPKIN, Justice.

1. While, under section 4723 of the code, an officer may, without a warrant, make an arrest for an offense committed in his presence, he has no authority, upon bare suspicion or upon mere information derived from others, to arrest a citizen and search his person in order to ascertain whether or not he is carrying a concealed weapon in violation of law. The constitution of this State expressly declares in the bill of rights that: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated." Code, §5008. If any search is unreasonable and obnoxious to our fundamental law, it is one of the kind with which we are now dealing. Even if the person arrested did in fact have a pistol concealed about his person, the fact not being discoverable without a search, the offense of thus carrying it was not, in legal contemplation, committed in the presence of the officer, and the latter violated a sacred constitutional right of the citizen in assuming to exercise a pretended authority to search his person in order to expose his suspected criminality.

2. It appears from the evidence that shots were exchanged between the officer and the accused, who was the person sought to be arrested and subjected to search. The latter was indicted and tried for assault with intent to murder. It was a contested issue of fact as to who fired the first shot. The court, in its charge, gave the instruction quoted in the second head-note, the error of which is obvious, for the reason that it eliminated altogether from consideration all question of justification on the part of the accused. The court, by this charge, assumed that the accused was inevitably guilty of some offense; whereas, under

the evidence as it appears in the record, this was a matter
for the jury to determine.            *Judgment reversed.*