## BELL v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted April 5, 1920. Decided May 3, 1920.)

No. 3336.

Weapons ⬤⇒7—Carrying concealed weapon from place of purchase to home constitutes no offense.

Under Code of Law D. C. 1901, § 855, providing that the prohibition against carrying concealed weapons shall not prevent carrying the same from place of purchase to dwelling house, it was manifest error for the court, in a prosecution for carrying a concealed weapon, where accused testified that he had just purchased the weapon and was taking it home, to instruct the jury to convict, notwithstanding they might find that fact from the evidence.

In Error to Police Court of District of Columbia.

George Bell was convicted of carrying concealed a weapon, and he brings error. Judgment reversed, with instructions to grant a new trial.

A. R. Mullowny, of Washington, D. C., for plaintiff in error.

J. E. Laskey, U. S. Atty., of Washington, D. C.

SMYTH, Chief Justice. This is a writ of error to the police court. Bell was convicted of the crime of carrying deadly weapons. The information upon which he was tried is in two counts. The first charged him with having unlawfully concealed about his person a deadly weapon, and the second with carrying openly a deadly weapon with the intent of unlawfully using the same. On behalf of the government the testimony showed that when the police officer arrested the defendant he found concealed in his coat pocket a loaded revolver, and that the defendant explained that he had just bought the pistol and was carrying it home. The defendant testified that he had pur-

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

chased the pistol at the picnic grounds where he was employed, that it was loaded when he purchased it, and that he was on his way home from the place of purchase when the officer apprehended him. In its charge to the jury the court said that—

"if a person carried a deadly weapon concealed from the place of purchase to his home he would be guilty under the statute, and that if the jury believed from the evidence beyond a reasonable doubt that the defendant was carrying the pistol concealed about his person when he was arrested, their verdict should be guilty, notwithstanding that they might find from the evidence that he was on his way from the place of purchase of the pistol to his home."

The statute under which the information was filed reads thus:

"Any person who shall within the District of Columbia have concealed about his person any deadly or dangerous weapon, or who shall carry openly any such weapon, with intent to unlawfully use the same, shall be fined"

—or imprisoned, as the court may determine. But it has this proviso:

"That nothing contained in this section shall be so construed as to prevent any person from keeping or carrying about his place of business, dwelling house, or premises any such dangerous or deadly weapon, or from carrying the same from place of purchase to his dwelling house. * * *" Code D. C. § 855.

Clearly the instruction quoted was wrong. The defendant had a right to carry the revolver, loaded or unloaded, from the place of purchase to his home; and whether he had it on his person at the time of his arrest for that purpose only, or for some unlawful purpose as well, was a question of fact, which should have been submitted to the jury, to be resolved by them from the circumstances of the case. The government admits this, and in effect concedes that the instruction complained of is erroneous.

We therefore reverse the judgment, with instructions to grant a new trial.

Reversed.