## BOLT v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted November 3, 1924. Decided December 1, 1924.)

No. 4154.

**1. Criminal law ⊗⇒419, 420(10)—Admission of hearsay evidence held reversible error.**

In prosecution for carrying concealed weapon, under Code D. C. § 855, admission of testimony that unidentified informant had told police officers, who arrested defendant while he was conducting himself in a peaceable manner, that defendant and another person were intending to hold up a certain store, *held* reversible error.

**2. Weapons ⊗⇒17(5)—Whether defendant, charged with carrying concealed weapon, was carrying it to his residence after receiving it in payment of debt, held for jury.**

In prosecution for carrying concealed dangerous weapon, under Code D. C. § 855, question of whether defendant was carrying weapon to his dwelling after having received it in payment of debt *held* question for jury.

**3. Criminal law ⊗⇒741(1)—Weight of evidence for jury.**

The weight of the evidence is for the jury, and not the court.

**4. Weapons ⊗⇒7—Defendant, who was taking revolver home after receiving it in payment of debt, was not guilty of carrying concealed weapon.**

Defendant, who had received revolver in payment of debt and was carrying it to his home, was not guilty of carrying a dangerous or deadly weapon, in violation of Code D. C. § 855.

**5. Weapons ⊗⇒7—Defendant's failure to go immediately home after receiving revolver not conclusive that he was not carrying weapon home.**

In prosecution for carrying concealed weapon, under Code D. C. § 855, in which defendant claimed that he had received the revolver in payment of debt and was carrying it home, the mere fact that he did not go home immediately after receiving the revolver, while a circumstance to be considered by the jury, was not conclusive on the question of his intent; the question being whether he acted in good faith.

**6. Arrest ⊗⇒63(1), 71—Officers cannot, without warrant, arrest and search person conducting himself in a quiet, peaceable, and orderly manner.**

Officers cannot assume that person conducting himself in a quiet, peaceable, and orderly manner is guilty of carrying concealed weapon in violation of law, and arrest and search him, and seize revolver found on his person, without a warrant.

**7. Searches and seizures ⊗⇒5—Property seized after illegal search should be returned on motion therefor.**

Property seized after illegal search without warrant should be returned on motion therefor.

Appeal from Police Court of District of Columbia.

George L. Bolt was convicted of carrying a concealed, deadly, or dangerous weapon, and he brings error. Reversed and remanded.

E. C. Kriz and Goodhue Weatherly, both of Washington, D. C., for plaintiff in error.

Peyton Gordon and J. J. O'Leary, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Plaintiff in error was convicted in the police court of the District of Columbia of the crime of carrying a concealed deadly or dangerous weapon.

Two police officers testified, over the objection and exception of plaintiff in error, that an unidentified man "came into police headquarters and told them that defendant Bolt and a man named English were going to hold up the United Cigar Store at Seventh and F streets." Thereupon, according to their further testimony, they proceeded, between 10 and 11 o'clock on the night of August 11, 1923, to Seventh and F streets, where they located plaintiff in error and English, whom they followed to the park at Seventh street and Pennsylvania avenue. Plaintiff in error and English, after staying in the park for a time, went to Eighth and F streets (a car stop), where the officers arrested plaintiff in error and took from his pocket a revolver. There is no evidence that the revolver was loaded, or that either man had ammunition for it on his person.

Subsequent to the arrest and prior to the trial, a motion was made for the return of the revolver, upon the ground that the search and seizure were in violation of the constitutional rights of plaintiff in error. This motion was denied, as was a motion to suppress the revolver as evidence.

This constituted the government's case, and, his motion for a directed verdict being overruled, plaintiff in error took the stand in his own behalf and stated that English had owed him money and offered

the revolver in payment; that thereupon they went to the home of English to get the revolver, after which they went to Eighth and F streets, and thence to the park at Seventh street and Pennsylvania avenue; that a man named Cunningham, at the New York Dancing Academy at Seventh and E streets, who also owed plaintiff in error, had promised payment after the dance closed; that witness and English therefore went to that place, but found no one there. They then walked up to Eighth and F streets, for the purpose of taking a car home, but were there arrested, taken to police headquarters, and locked up.

English testified that he had owed plaintiff in error $25 for a year, and that plaintiff in error frequently had asked him for the money; that, when payment again was requested upon this occasion, witness suggested giving the revolver for the debt. Other testimony given by this witness also tended to corroborate plaintiff in error. In addition to the testimony of plaintiff in error and English, there was testimony from a merchant and another witness as to the good character of the accused.

[1] The court erred in permitting the two police officers to testify as to what was said to them by an unidentified informant, out of the presence of plaintiff in error. This was hearsay evidence and highly prejudicial. See Engle v. U. S., 48 App. D. C. 466, 475. The constitutional right of a citizen to be secure in his person and property is not to be invaded upon such a basis or showing. See Schencks v. U. S. (present term) —— App. D. C. ——, 2 F.(2d) 185.

[2, 3] Plaintiff in error requested the court to charge the jury that, if they believed from the evidence that Bolt received the revolver in payment of a debt, and that it was being taken from the place of reception to his residence, the verdict should be not guilty. The court refused to submit this question to the jury and plaintiff in error excepted. This also was error. Bell v. U. S., 49 App. D. C. 367, 265 F. 1007. It was for the jury, and not the court, to pass upon the weight of the evidence.

[4-6] The search and seizure were illegal. Section 855 of our Code, upon which this complaint was based, permits the carrying of a dangerous or deadly weapon from the place of purchase to the purchaser's dwelling or place of business. Plaintiff in error was conducting himself in a quiet, peaceable, and orderly manner (see Roberson v. State, 43 Fla. 156, 29 So. 535, 52 L. R. A. 751, and Pickett v. State, 99 Ga. 12, 25 S. E. 608,

59 Am. St. Rep. 226), and his possession of the revolver was not illegal, if he had purchased it as stated and actually was intending to take it home. The mere fact that he did not go home immediately after receiving the revolver, while a circumstance to be considered by the jury, was not conclusive on the question of his intent. All the law requires is good faith, and, if the conduct of plaintiff in error was consistent with such a theory, the law was satisfied. It is apparent that this is not a case where the mere possession of a prohibited thing constitutes a crime (Welsh v. U. S. [C. C. A.], 267 F. 819, 821), or where, a crime having been committed, officers making an arrest take possession of evidence of that crime (Laney v. U. S., 54 App. D. C. 56, 294 F. 412). Where, as here, a citizen has conducted himself in a peaceable and orderly manner, it is not for police officers to assume guilt, and without a warrant make an arrest and search, and seize a weapon. Since the statement of the unidentified man was inadmissible, as already found, it could not have justified the arrest, and no other circumstance even tended to afford such justification. While the officers testified that their information was that plaintiff in error and English intended to hold up a store at Seventh and F streets, the undisputed fact is that the arrest was made as plaintiff in error was about to board a car at Eighth and F streets. There was no justification whatever, therefore, for the arrest, and likewise none for search.

[7] In Hester v. United States, 265 U. S. 57, 44 S. Ct. 445, 68 L. Ed. 898, Hester had been convicted of selling distilled spirits, on the testimony of two revenue officers who had seen him hand a quart bottle to another man. Upon the officers coming forward, this man threw the bottle away, and Hester went to a car standing near, took out a gallon jug from the machine, and, in attempting to get away, dropped the jug. There was enough whisky in both the broken bottle and broken jug to identify the contents. The testimony of the two officers was objected to as in violation of defendant's constitutional rights, the officers having no warrant to search or arrest. But the court ruled that the testimony was not obtained through an illegal search or seizure; that "the defendant's own acts, and those of his associates, disclosed the jug, the jar, and the bottle, and there was no seizure in the sense of the law, when the officers examined the contents of each after it had been abandoned." Here, on the contrary, there was both

a search and seizure, and, as both were illegal, the motion for the return of the property should have been granted.

Judgment reversed, and cause remanded for a new trial.

Reversed and remanded.