### RADICH et al. v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
June 13, 1927.

No. 5004.

**1. Criminal law ⟐⟑692—Defendant, not questioning validity of arrest before trial, could not question admissibility of evidence on ground of irregularity of arrest (Pen. Code Ariz. 1913, § 858).**

In prosecution for violation of National Prohibition Act (Comp. St. § 10138¼ et seq.), defendant, who before trial took no step by motion or otherwise to vacate order of arrest, *held* not in a position to urge that evidence seized at time of arrest was inadmissible because arrest was made during nighttime on a misdemeanor warrant, and hence illegal under Pen. Code Ariz. 1913, § 858.

**2. Intoxicating liquors ⟐⟑236(9)—Proof of sales of liquor separately to two persons at same time and place will sustain conviction on charge of several sales.**

Proof of sales of intoxicating liquor, made separately to two persons, each of whom pays for the liquor, about the same time and place, will sustain conviction on a charge of several sales.

In Error to the District Court of the United States for the District of Arizona; William H. Sawtelle, Judge.

Jack Radich and C. P. Drapich were convicted of violating the National Prohibition Act, and they bring error. Judgment affirmed.

Jay Good, of Globe, Ariz., for plaintiffs in error.

John B. Wright, U. S. Atty., of Tuscon, Ariz., and George R. Hill, Asst. U. S. Atty., of Phoenix, Ariz.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Radich and Drapich were jointly charged with violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.). General demurrers to the information were overruled. Pleas of not guilty were entered, and after trial both were convicted under counts charging sales and possession of intoxicating liquor at Globe, Ariz. Drapich was also convicted under an information charging him and Radich with maintaining a common nuisance. Radich was acquitted of that charge. The two informations were consolidated for trial. In due course defendants sued out writs of error. Since submission of the case, Drapich has died, so we shall consider only the assignments affecting Radich.

[1] The evidence was that the Bankers' Garden in Globe, Ariz., was a resort kept by Drapich for the sale of soda water, beer, cigars, etc.; that Radich worked in the place and sometimes paid the rent; that each sold whisky at various times, as charged in the counts under which they were convicted; that on March 20, 1926, about 9 o'clock in the evening, a deputy United States marshal went to the Bankers' Garden to serve a bench warrant issued for the arrest of the two men by the United States District Court for the District of Arizona; that at the time of the arrest Drapich was in the saloon behind the bar; that Radich, who was then in the rear of the room, immediately came to the front and was arrested; that the marshal had no search warrant; that just as Drapich was arrested he stooped over, whereupon a prohibition agent, who was with the marshal, stepped up to the bar, saw a pint bottle of whisky, reached over, picked it up, and handed it to the marshal.

In presenting the evidence for the prosecution, counsel offered the bottle of liquor in evidence. Defendants objected on the grounds that the evidence obtained was not sufficient to justify "a night search warrant, and that the officers were not legally on the premises in their service of a warrant for a misdemeanor in the nighttime." The court overruled the objection and admitted the liquor. Defendants excepted. Counsel for the government then stated that he placed no reliance upon seizure by search warrant, whereupon the case was proceeded with.

Radich assigns as error the admission in evidence of the liquor obtained while arresting defendants during the nighttime on a misdemeanor warrant. We are cited to section 858 of the Arizona statute, which provides that, if the offense charged is a misdemeanor, an arrest cannot be made at night,

"unless upon the direction of the magistrate, indorsed upon the warrant, except when the offense is committed in the presence of the arresting officer." At the outset it seems perfectly clear that the officers had a right to go into the place, which was a resort open to all who chose to enter. The bench warrant served was regular on its face, although it had no indorsement or direction of the judge of the District Court specially authorizing arrest at night.

However, Radich is not in a position to urge that such indorsement was essential to the legality of his arrest, for he took no step, by motion or otherwise, to vacate the order of arrest until after his plea of not guilty was entered and the trial on the merits was being proceeded with. His position is more unsound than that of a defendant who goes to trial on an information which lacks verification, but who, failing to object before trial on the merits, waives his right to challenge the sufficiency of the information for lack of verification. Albrecht et al. v. United States, 273 U. S. 1, 47 S. Ct. 250, 71 L. Ed. —; Erie R. Co. v. Reigherd (C. C. A.) 166 F. 247, 20 L. R. A. (N. S.) 295, 16 Ann. Cas. 459; Simpson v. United States (C. C. A.) 241 F. 842; Jordan v. United States (C. C. A.) 299 F. 298; Merrill v. United States (C. C. A.) 6 F.(2d) 120; Farinelli v. United States (C. C. A.) 297 F. 198.

[2] There was no error in holding that sales of intoxicating liquor, made separately to two persons, each of whom pays money for the liquor, about the same time and place, will authorize conviction of a charge of several sales.

The judgment is affirmed.