**PLEICH et al. v. UNITED STATES.**

Circuit Court of Appeals, Ninth Circuit.
June 13, 1927.

Rehearing Denied August 1, 1927.

No. 5005.

1. **Criminal law** ⬤⇒692—**Defendants, not challenging validity of arrests before trial, waived such question as affecting admissibility of evidence seized at time of arrest.**

In prosecution for violation of National Prohibition Act (Comp. St. § 10138¼ et seq.), defendants, pleading not guilty, without interposing any challenge to process under which they were arrested, or to validity of arrests until during trial, thereby waived questions of validity or regularity of arrests as affecting admissibility of evidence seized at time of arrest.

2. **Criminal law** ⬤⇒404(4)—**In prosecution for sales and possession of liquor and maintenance of nuisance, empty whisky bottles, found in barroom after arrest, held admissible.**

In prosecution for sales and possession of liquor and for maintaining nuisance, empty whisky bottles, found in barroom by officers after making arrest, *held* properly admitted in evidence.

3. **Intoxicating liquors** ⬤⇒236(9)—**Evidence held to sustain conviction for maintenance of common nuisance.**

Evidence that defendant was sole lessee and proprietor of soft drink resort, worked therein daily, and that liquor was kept for sale on the premises, and was sold by one employed by him, *held* to sustain conviction for maintenance of common nuisance.

In Error to the District Court of the United States for the District of Arizona; William H. Sawtelle, Judge.

John Pleich, Sr., and another were convicted of violating the National Prohibition Act (Comp. St. § 10138¼ et seq.), and they bring error. Affirmed.

Jay Good, of Globe, Ariz., for plaintiffs in error.

John B. Wright, U. S. Atty., of Tucson, Ariz., and George R. Hill, Asst. U. S. Atty., of Phoenix, Ariz.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Plaintiffs in error were charged with sales and possession of intoxicating liquor, and with maintaining a common nuisance. Vuckelich was convicted of all charges. Pleich was convicted only of maintaining a nuisance. Writs of error were sued out.

Error is assigned upon the ruling admitting a number of empty whisky bottles found in the barroom by government officers just after the arrest of the defendants, and the plaintiffs in error question the legality of the arrests, which were made in the nighttime upon misdemeanor charges.

[1] The general facts are quite similar to those disclosed in Radich et al. v. United States, 20 F.(2d) 382, decided this day. The place was a soft drink establishment, into which the officers went at night to make arrests pursuant to bench warrants issued out of the District Court of the United States. Defendants having pleaded not guilty, and having interposed no challenge to the process under which they were arrested, or to the validity of the arrests until during the trial, waived the questions of validity or

regularity of the arrests. Radich v. United States, supra.

[2] There was no error in admitting the whisky bottles. They were properly seized in connection with a lawful arrest and were held for evidential purposes.

[3] In behalf of Pleich it is specially urged that there is no evidence that he ever maintained a common nuisance as charged. The evidence is that Vuckelich was employed by Pleich, and worked from 5 p. m. to 1 a. m., while Pleich worked during other hours; that, in making sales of liquor, Vuckelich went out of the barroom through a back door, and brought back bottles from which he poured drinks of liquor into glasses for customers; and that when the money was paid to him he rang up the amounts in the cash register. It is true that the evidence showed no actual sale or possession by Pleich; but as it appeared that he was the sole lessee and proprietor of the resort, and worked therein every day, and that liquor was kept for sale on the premises, the jury was fully justified in concluding that he must have known that liquor was kept and sold by his employee.

We find no error, and affirm the judgment.

### On Motion for Rehearing.

PER CURIAM. In a motion for rehearing, counsel state that it appears that the court was under an erroneous impression that Pleich was present on March 20, 1926, when Vuckelich was arrested and the barroom was searched, and liquor and bottles were found, and that the fact is that he was not arrested until about March 31st.

In our statement we followed the transcript of record, which in the assignment of errors specified that the trial court particularly erred in admitting in evidence the things obtained by the government "on March 20, 1926, while arresting defendants unlawfully during the nighttime on a misdemeanor warrant, and while serving an unlawful and illegal search warrant during the nighttime"— a statement repeated in the brief of counsel for plaintiffs in error.

We may say, however, that whether Pleich was arrested on March 20th or March 31st was not material. The information charged that he maintained a common nuisance on or about "February 10, 1926, and continuously thereafter up to and including March 20, 1926, at Globe, Arizona," and the evidence was sufficient to sustain the verdict of guilty of that charge.

The motion for rehearing is denied.