### BARTO et al. v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
October 10, 1927.

#### No. 5130.

1. Criminal law ⬥219—Defendant, first raising question of validity of warrant of arrest during trial, held to have waived any objection thereto.

Defendant, who took no steps to vacate order of arrest until after entering plea of not guilty and trial had commenced, waived any objection to validity of the warrant of arrest.

2. Intoxicating liquors ⬥236(11)—Evidence held to sustain conviction for illegal sale of whisky.

Evidence held to support conviction of defendants for illegal sale of whisky.

In Error to the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Dick Barto and Giuseppe Michelotti were convicted of selling whisky, and they bring error. Affirmed.

Lloyd & Croteau, and J. F. O'Brien, all of Tacoma, Wash., for plaintiffs in error.

Thos. P. Revelle, U. S. Atty., of Seattle, Wash., and Bertil E. Johnson, Asst. U. S. Atty., of Tacoma, Wash.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

HUNT, Circuit Judge. This is a writ of error to review conviction under the National Prohibition Act (27 USCA). The information, filed April 6, 1926, by the United States district attorney, gave the court "to understand and be informed, as appears from the affidavit of E. R. Small, made under oath" and filed with the information, that Buck Roe and Dan Doe, whose true names are unknown, Joe Michelotti and Dick Barto sold whisky on June 6, 12, and 13 and on July 6 and 10, 1925, at Tacoma, Washington, and that on July 10 they possessed whisky, and that they maintained a common nuisance at Tacoma between June 6 and July 10, 1925.

On April 9, 1926, Barto was arrested and gave bail. On the 10th of May, 1926, Joe Michelotti, plaintiff in error was arrested and gave bail, and on that day, so the record recites, "upon motion of J. F. O'Brien, attorney for defendants, the information filed herein, wherein defendant John Doe is charged with violation of sections 3 and 21, title 2, N. P. A. (27 USCA §§ 12, 33), is ordered amended to read Joe Michelotti," and the amount of bail was fixed to remain at $500. On January 14, 1927, defendants below, Joe Michelotti and Dick Barto, were in court with counsel, were arraigned, and gave their true names as Dick Barto and Giuseppe Michelotti. Pleas of not guilty were entered. After the jury was sworn and counsel for the government had made his opening statement, Joe Michelotti moved for dismissal of the information on the ground that he was not named a defendant in the information. The motion was denied and exception was saved. The district attorney, over objection of defendants, was then permitted to amend counts 6 and 7 of the information by changing the dates from the 10th to the 6th of July, 1925. Defendants excepted.

[1] Counsel argue that the court never had jurisdiction of the defendant Giuseppe Michelotti, saying that he was arrested before any information against him was on file. The argument is not warranted by the record, which shows that in May, 1926, when plaintiff in error Michelotti, pursuant to a bench warrant was brought into court as one of the defendants included in the information theretofore filed, his counsel moved to amend the information to read Joe Michelotti, and that he failed to take any step to vacate the order of arrest until after plea of not guilty was entered. Defendant therefore waived any question of the validity of the warrant for his arrest. Albrecht v. United States, 273 U. S. 1, 47 S. Ct. 250, 71 L. Ed. ——; Radich v.

United States (C. C. A.) 20 F.(2d) 382, and cases there cited.

[2] There was sufficient evidence to support the verdict. On behalf of the prosecution it was shown that the place was fitted with a bar and card tables and chairs; that defendant Michelotti admitted persons to the premises and that in his presence "Dan," one of the defendants, who was not tried, made sales of liquor, part of which was delivered to him by Michelotti; that Barto was also about the premises, and on one occasion opened the door and admitted several persons, who bought liquor from the bartender; that at one time Barto came into the room with a black bag, from which he took six bottles, and said that was the best he could get; that at another time, when there was some disturbance in the place, he came out of a side room with his coat off and sleeves rolled up.

Defendants denied many of the statements of the witnesses for the government, but it was for the jury to pass upon the credibility of the several accounts.

The judgment is affirmed.