29626.   HENDRIX *v.* THE STATE.

DECIDED OCTOBER 1, 1942.

*John F. Brannen,* for plaintiff in error.

*Fred T. Lanier, solicitor-general,* contra.

BROYLES, C. J.   The accused was tried on an indictment charging an assault with intent to murder, and was convicted of the offense of unlawfully shooting at another.   His motion for new trial was denied, and that judgment is assigned as error.   The general grounds of the motion are not referred to in the brief of counsel for the plaintiff in error and therefore are treated as abandoned.   The only special assignment of error is upon the following excerpt from the charge of the court: "In order to authorize a conviction of the defendant of the offense of assault with intent to murder, in addition to what the court has already called to your attention, the proven facts and circumstances must have been such as, had death ensued, the offense would [have] been murder.   If, had death ensued, the offense would have been a crime less than murder, that is, manslaughter, you would not be authorized to convict the defendant of the offense of assault with intent to murder.   You might, however, if the facts and circumstances, in your opinion, justify it under the rules of law given you in charge, find him guilty of the lesser offense, that of unlawfully shooting at another."   The excerpt was assigned as error, "in that it omitted all question of justification of unlawful shooting at another on the part of the accused."   In support of his contention, counsel for the accused cites headnote 2 of *Pickett* v. *State,* 99 *Ga.* 12 (25 S. E. 608, 59 Am. St. R. 226).   The headnote reads as follows: "Where the person thus sought to be arrested fired at the officer with a pistol, was indicted for assault with intent to murder, and upon the trial testimony was introduced to the effect that both parties had fired, though it was an

issue of fact as to who fired first, it was error to charge: 'If you find it would not be a case of murder had death ensued, you will find [the accused] guilty of shooting at another,' such charge being erroneous in that it omitted altogether all question of justification on the part of the accused."

In the instant case, the indictment charged that the assault with intent to murder was made with a gun, and that the accused unlawfully shot the prosecutor; and the judge, before delivering the charge complained of, had instructed the jury as follows: "If you believe from the evidence beyond a reasonable doubt that the defendant made an assault, as charged in the indictment, and that it was unlawful and under such circumstances that if death had ensued the offense would have been voluntary manslaughter, then you would be authorized to convict the defendant of unlawfully shooting at another. If you believe from the evidence that this defendant used the said instrument, as alleged in the indictment, but that it would have been justifiable homicide, then it would be your duty to acquit the defendant." In another part of the charge the judge instructed the jury as follows: "You may find him guilty of assault with intent to murder, guilty of assault with intent to murder with a recommendation that he be punished as for a misdemeanor, guilty of unlawfully shooting at another with the recommendation that he be punished as for a misdemeanor, or you may find him guilty of no offense at all, and in that event the form of your verdict would be: 'We the jury find the defendant not guilty.'" In our opinion the excerpt from the charge complained of, when considered in the light of the entire charge and the facts of the case, shows no cause for reversal of the judgment. Denial of a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*