## DARNALL v. UNITED STATES.
### No. 94.

Municipal Court of Appeals for the District of Columbia.

Sept. 16, 1943.

James K. Hughes, of Washington, D.C. (J. Louis O'Connor, of Washington, D.C., on the brief), for appellant.

John P. Burke, Asst. U. S. Atty., of Washington, D.C. (Edward M. Curran, U. S. Atty., and John B. Diamond, III, Asst. U. S. Atty., both of Washington, D.C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

On November 4, 1942 appellant Clay Darnall was arrested with one Rolfe Anderson on a charge of operating a disorderly house,[1] known as Darnall Hotel. On January 4, 1943, after obtaining several continuances, the government filed the information upon which conviction was later had. Appellant immediately pleaded not guilty, demanded a jury trial, and posted bond. Two weeks thereafter he moved to suppress and for the return of certain evidence taken from the hotel by the police officers at the time of the arrest. The motion was predicated on the absence of both warrants of arrest and search at the time the evidence was seized. The government opposed the motion, alleging "That the papers and documents seized were instruments of crime lawfully seized as an incident to a lawful arrest, with a warrant of arrest for Clay Darnell and Rolfe Anderson issued by the Criminal Division of the Municipal Court of the District of Columbia." Appellant thereupon requested and was afforded an opportunity to inspect the warrant of arrest and the affidavit upon which it was issued. Immediately after such inspection he moved to quash the warrant of arrest on the ground that the affidavit was insufficient to support it. The motion to suppress was continued; the motion to quash was opposed by the government and overruled by the court as not seasonably made. When the case was reached for trial, no ruling had been made on the motion to suppress. It was, therefore, agreed between counsel at the outset of the trial that "no evidence or testimony, other than the arrest of the co-defendant Anderson, and the seizure of the hotel register to be offered in evidence," and still no ruling was made on the motion to suppress.

On the trial the hotel register was received in evidence over appellant's objection. The register showed that in many instances rentals on particular days exceeded the hotel's capacity. Though the building contained but thirty-two rooms there were often forty to sixty-five rentals on a single night. One room in particular was shown to have been rented several times in a single day.

Appellant contends that the warrant of arrest was void because of the insufficiency of the supporting affidavit; that the arrests and attendant seizure were therefore unlawful; and that the hotel register, as unlawfully seized property, was inadmissible in evidence. The government argues that there is no basis for appellant's contentions, since the warrant of arrest and supporting affidavit were not made part of the record on this appeal; that appellant waived any defects in the arrest by pleading "not guilty" to the information before moving to quash the warrant of arrest; and that appellant may not complain of the receipt of the hotel register because he failed to insist upon a disposition of the motion to suppress before trial.

Pursuant to our Rule 31, we have ordered the warrant of arrest and supporting affidavit made a part of the record (together with the entire original file of the trial court) and they are now before us. It is clear from its face that the affidavit was completely insufficient and the warrant of arrest therefore void.[2] The affidavit merely recited the police officer's legal conclusion that appellant was maintaining a disorderly house. It is devoid of a single recital of fact to support that conclusion. Moreover, it refers to "Edgar Darnell" while the information charges the offense against Clay Darnall.[3] Small wonder, then, that the judge who overruled the motion to quash made the observation that the affidavit was insufficient, or that its insufficiency was candidly conceded by government counsel during the oral argument on this appeal.

We do not say that it was improper for the trial court to overrule the

---

[1] Code 1940, § 22—2722.

[2] U.S.Const. Amend. IV; Byars v. United States, 1927, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520 and cases cited therein.

[3] Cf. United States v. Borkowski et al., D.C.S.D. Ohio W.D., 268 F. 408.

motion to quash because it was not made until after appellant had pleaded not guilty. "A plea to the jurisdiction must precede the plea of not guilty."[4] But it does not follow that appellant thereby also waived his right to object to the introduction of the hotel register as unlawfully seized evidence; such objection presented the matter to the judge presiding at the trial, who had the ultimate responsibility of the case in its larger aspects.[5]

The propriety of an arrest does not "affect the question of the defendants' guilt or innocence. It only affect [s] the right of the court to hold their persons for trial."[6] Failure to raise objection to the court's jurisdiction over the person does not imply an abandonment of the right to object to the admissibility of evidence. The two elements may be tainted by the same irregularity, but the remedial approaches to remove the taint are neither the same nor interdependent. Objection to jurisdiction over the person, except in rare cases is but a preliminary, sometimes a dilatory tactic; objection to evidence goes to the outcome on the merits. It is normal, and orderly procedure requires, that objections to jurisdiction be made at the threshold of a prosecution. While it is necessary that a motion to suppress illegally obtained evidence be made in advance of trial *where possible,*[7] there is no compelling reason why it must be made before pleading.

Though the question now considered was not raised, it was involved in Bolt v. United States, 55 App.D.C. 120, 2 F.2d 922. There the defendant was arrested without a warrant and charged with carrying a concealed deadly weapon. On the trial a revolver which was taken from defendant at the time of the arrest was received in evidence against him. Defendant did not raise the illegality of the arrest and search as an objection to the court's jurisdiction over his person before pleading to the information on which he was tried. However, prior to his plea of not guilty, he moved to suppress the revolver as evidence on the ground that his arrest and search were unlawful. The motion was overruled, as was the same objection when renewed at the trial. On appeal, the court held the arrest and search unlawful and the revolver inadmissible in evidence. See also Ford v. United States, supra, and Bennett v. United States, 70 App.D.C. 76, 104 F.2d 209; Cf. Pleich v. United States, 9 Cir. 20 F.2d 383.

Since the warrant of arrest in the case at bar was void, the arrest was unlawful; for it was for a misdemeanor not committed in the presence or within the view of the arresting officers.[8] The hotel register was, therefore, unlawfully seized and inadmissible in evidence. Nor is it an answer to point to what the register revealed, for probable cause to justify the search "must be determined by the existence of facts known to the officer *before, not after,* the search." (Emphasis supplied). Lawson v. United States, 7 Cir., 1925, 9 F.2d 746, 748. Quoted with approval in Poldo v. United States, 9 Cir., 1932, 55 F.2d 866.

The rule was clearly stated by the United States Court of Appeals for this District in Nueslein v. District of Columbia, 73 App.D.C. 85, 115 F.2d 690, 694, in this language: " * * * an illegal search cannot be legalized by what it brings to light (Citing cases). * * * Officers should not be encouraged to proceed in an irregular manner on the chance that all will end well".

There is nothing in the record to indicate that the failure to rule on the motion to suppress was attributable to appellant. Since even an adverse ruling on the motion would not have precluded him from raising it again at the trial[9] surely

4 Ford v. United States, 273 U.S. 593, 47 S.Ct. 531, 535, 71 L.Ed. 793; Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505, is to the same effect. However, there the government also filed proper affidavits with leave of the court prior to the motion to quash.

5 Marks v. Frigidaire Sales Corp., 60 App.D.C. 359, 54 F.2d 974.

6 Ford v. United States, supra, 273 U.S. at page 606, 47 S.Ct. at page 535, 71 L. Ed. 793.

7 Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307; Segurola v. United States, 275 U.S. 106, 48 S.Ct. 77, 72 L.Ed. 186; Harris v. United States, D.C.Mun.App., 32 A.2d 101.

8 Code 1940, § 22—2722; 18 U.S.C.A. § 541; Maghan et al. v. Jerome, 67 App. D.C. 9, 88 F.2d 1001.

9 Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275; Gouled v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647; Bolt v. United States, supra.

he should not be precluded by the failure of the court to make a ruling. In Bennett v. United States, supra [70 App.D.C. 76, 104 F.2d 212], the United States Court of Appeals for this District held that the defendant had not waived his right to object to the introduction of illegally obtained evidence by reason of his failure to move to suppress it before trial, where it appeared "that it is the established practice of the trial judge who heard the case, not to allow a question of this nature to be taken up prior to trial, and that he would have enforced this practice in this case if appellants had made the appropriate motion before trial." Stronger is the position of this appellant who seasonably filed his motion to suppress in advance of trial, and whose objection to the admission of the evidence was both proper and timely.

As was said in the Nueslein case, supra, "A simple, effective way to assist in the realization of the security guaranteed by the IVth Amendment, in this type of case, is to dissolve the evidence that the officers obtained * * *." The admission of the hotel register violated this rule and constituted prejudicial error requiring reversal.

There is no indication in the record, nor is it contended by the government, either in its brief or oral argument, that appellant intended to waive the objection now being considered to the admissibility of the hotel register, by the stipulation entered into at the commencement of the trial. The stipulation that only the hotel register would be offered in evidence does not imply an agreement that no objection would be made to it when and if offered. That the right to object was reserved seems clear from the fact that objection was made at the trial, and also assigned as error here, without any assertion by the government that the stipulation was intended as a waiver of the right to object on the ground of illegal seizure. The motion to suppress covered certain evidence in addition to that covered by the stipulation. It would appear that appellant merely agreed to proceed to trial without a prior determination of the motion to suppress, so long as nothing but the evidence covered by the stipulation was even to be offered in evidence.

Other rulings are assigned as error by appellant, but those we do not decide, in view of the disposition we have made on the main question.

Reversed and remanded.