**Beverly J. RODGERS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21725.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 11, 1969.

Decided Oct. 6, 1969.

---

* Judge Burger did not participate in the disposition in this case.

---

Mr. James W. Quiggle, Washington, D. C., (appointed by this court) for appellant.

Mr. Robert P. Watkins, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., at the time the brief was filed, and Frank Q. Nebeker, Asst. U. S. Atty., at the time the brief was filed, were on the brief, for appellee.

Before BAZELON, Chief Judge, BURGER * and LEVENTHAL, Circuit Judges.

PER CURIAM:

Appellant, a 74 year-old itinerant salesman, challenges his convictions for taking and having in his possession mail belonging to others, 18 U.S.C. § 1708 (1964), on the ground that the evidence used to convict him was illegally obtained. We hold that the search which produced this challenged evidence resulted from an unlawful arrest and that the material obtained in the search was therefore inadmissible at his trial.[1]

1. The appellant apparently underwent three searches. In the first, which occurred prior to his arrest in the hallway of the apartment building in which he was apprehended, the police officers examined the contents of the suitcases appellant was carrying. The second search, also in the apartment hallway, took place after his arrest and turned up an object (variously described as a letter opener or a knife) in his pants pocket. Subsequently at the police station, appellant underwent a strip search which produced pieces of mail (none of which was taken from the apartment building in which appellant was arrested) which laid the

At the preliminary hearing two days after appellant was arrested, Officer Harry Bogel, one of the arresting officers, testified that the defendant was arrested for illegal entry. General Sessions Judge Beard, concluding that the exclusion of evidence would have to await a suppression hearing in the District Court, commented that "it was very likely an unlawful arrest." The charge of illegal entry was subsequently dropped by the prosecutor, and the evidence is too meager to support a finding of probable cause for arrest on that charge.

At a pretrial suppression hearing some nine months after the arrest, Officer Jack Vigrass, the other arresting officer, testified that the arrest had also been made for carrying a dangerous weapon, and that prior to the arrest his partner had seen a knife handle protruding from the defendant's pocket.[2] Officer Bogel, however, had indicated that it was only after the arrest for unlawful entry that he had noticed a bulge in the defendant's pocket, searched him, and found the knife. Officer Vigrass' nine-month-old recollections seem clearly less reliable than Officer Bogel's two-day-old ones.

Whatever the present validity of the practice of conducting a search "incident to a lawful arrest,"[3] there is no question that the fruit of a search incident to an *unlawful* arrest is not admissible in evidence, even though it be relevant and trustworthy. Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1958); United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948); Bynum v. United States, 104 U.S.App. D.C. 368, 262 F.2d 465 (1958); Bolt v. United States, 55 App.D.C. 120, 2 F.2d 922 (1924). Since the appellant's arrest

has not been shown to have a lawful basis, justice requires that his convictions be reversed.

Reversed.

---

foundation for appellant's conviction and to whose admission he objects.

2. The knife was never entered into evidence at any of the hearings or at trial.

3. The cases authorizing the practice have increasingly been called into doubt. In Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), the

Supreme Court cast a shadow on the continuing viability of the doctrine derived from United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950) and Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947), which traces its lineage to dictum in Weeks v. United States, 232 U.S. 383, 392, 34 S.Ct. 341, 58 L.Ed. 652 (1914).