## WILSON v. UNITED STATES.

### No. 7336.

United States Court of Appeals for the District of Columbia.

Decided Sept. 25, 1939.

---

Robert I. Miller and Joseph A. McMenamin, both of Washington, D. C., for appellant.

David A. Pine, U. S. Atty., and Charles B. Murray and William Hitz, Jr., Asst. U. S. Attys., all of Washington, D.C., for appellee.

Before GRONER, Chief Justice, and MILLER and RUTLEDGE, Associate Justices.

MILLER, Associate Justice.

On April 30, 1933, John D. Darin was robbed by two colored men at a certain crossroad in Southeast Washington. Appellant was accused of the crime and was tried on January 18, 1939. At that time Darin testified, as a witness for the Government, that he did not return to the vicinity of the robbery until January 16, 1939, when, in the company of an officer, he had identified the place where the robbery occurred. On cross-examination Darin denied that at a previous trial of appellant he had testified that he could not identify the place of the robbery if he were taken to it, because the robbery had happened five years before and the road was so dark he could not see. It is conceded that Darin had so testified at the previous trial.

The record contains the following statement of procedure in the lower court:

"Thereupon the Court instructed the jury. In the course of the charge the Court told the jury that if they found that any witness in the case had wilfully testified falsely in a material matter about which he could not reasonably be mistaken they might disregard all of the testimony of that witness. The Court stated that this rule was permissive and not compulsory; that is, that the jury might disregard all the testimony of such a witness or they might examine it and believe any portion of it which they thought was true.

"In explaining the rule the Court stated it would have no application unless the jury found that a particular witness had wilfully testified falsely. The Court further stated that he was giving this instruction at the request of counsel but that it was the Court's personal opinion that the rule had no application to any witness who had testified in this case, but that this was only the Court's personal view; that whether the rule should be applied depended on whether a witness had wilfully testified falsely which, in turn, was a question of fact for the jury to determine; that the jury was not to be guided by anything the Court said, but it was for the jury to determine whether the rule should be applied; that personally the Court would not apply that rule himself, but that the jury might do so. At the conclusion of the Court's charge, counsel for defendant took exception to that part of the charge in which the Court told the jury his own personal view was that no witness came within the rule, and requested the Court to instruct the jury that as to any question of fact what the Court said, or what the District Attorney said or what defense counsel said should have no effect on the jury, but that the jury had the sole function to pass upon all questions of fact.

"The Court stated that he had so instructed the jury several times during his charge but that he would do so again; and thereupon the Court did instruct the jury as requested by counsel for the defense."

Error is assigned because the judge gave to the jury his own personal opinion concerning the inapplicability of the rule

to any witness who had testified in the case. But the instruction as given was entirely proper. As was said by Judge Knappen in Russell v. United States, 6 Cir., 12 F.2d 683, 686, 687:

"It is the well-settled rule in the federal courts that, in submitting the case to the jury, the judge may, in his discretion, express his opinion upon the facts, provided no general rule of law is incorrectly stated, and provided the jury is given clearly to understand that the jurors are not bound by the judge's opinion, but are left free to exercise their own judgment [authorities cited] and subject to the further qualification that the judge's comments be judicial and dispassionate and so carefully guarded that the jurors, who are the triers of the facts, may be left free to exercise their independent judgment; in other words, that their judgment be not coerced [authorities cited]. The right of the judge to express his opinion upon the facts includes, within the limitations stated, the right to state his opinion of the credibility of witnesses, including that of the defendant himself."

And in United States v. Frankel, 2 Cir., 65 F.2d 285, 288, Judge Learned Hand said:

"No doubt there may be cases where in spite of the final admonition that the facts are for the jury, a judge may go too far in summing up the evidence; that is a question not susceptible of general answer. But that he is free, not only to give his impressions of the witnesses, but to point out the rational implications of the evidence, is too well settled in federal trials to admit of any dispute."

While this power of a trial judge is subject to limitations which forbid him to distort or add to evidence, to mislead the jury, to comment in a hostile manner,[1] and, conversely, which require that the charge be fair, dispassionate and judicial,[2] there is nothing in the charge in the present case which offends against those limitations. It is difficult to imagine language which the judge could have used to express himself in a more fair and dispassionate manner.

Appellant's two remaining assignments challenge the admission in evidence (1) of Darin's testimony that he had shown the officer the place where the robbery occurred, and (2) of the officer's testimony that Darin had pointed out to him the place where he was robbed. Both assignments are without merit. The evidence was admissible in each case, under the rule which permits evidence of utterances serving to identify time, place or person.[3] As was said in an Arkansas case:[4]

"It was competent to prove by the prosecuting witness that she pointed out the house to her brother, and then to establish the venue by proving by the brother the location of the house shown to him. The testimony of the two witnesses in this way proved the venue. It was competent to identify the house by the testimony of the prosecuting witness, and then to prove its location by the brother * * *. This was not hearsay testimony."

Bolt v. United States, 55 App.D.C. 120, 2 F.2d 922, and Engle v. United States, 48 App.D.C. 466, relied upon by appellant, are not in point. In those cases the statements condemned as hearsay were of an entirely different character, and were introduced into evidence not for purposes of identification, as in the present case, but to prove the truth of the assertion made.[5]

Affirmed.

[1] Quercia v. United States, 289 U.S. 466, 470, 53 S.Ct. 698, 77 L.Ed. 1321.

[2] Reynolds v. United States, 98 U.S. 145, 168, 25 L.Ed. 244; Starr v. United States, 153 U.S. 614, 626, 14 S.Ct. 919, 38 L.Ed. 841.

[3] Wigmore, Evidence, 2d Ed. 1923, § 1791.

[4] Smith v. State, 90 Ark. 435, 437, 119 S.W. 655, 656. See also, Knowles v. State, 44 Tex.Cr. 322, 72 S.W. 398.

[5] Blodgett v. Park, 76 N.H. 435, 436, 84 A. 42, 43, Ann.Cas.1913B, 853: "A witness who was unfamiliar with the plan in use at the trial testified that he pointed out the place where he met the defendant's surveyor to one L., and L. was permitted to indicate the place on the plan. The question whether L.'s testimony offends against the hearsay rule depends on the purpose for which it was admitted. If it was to prove that the witness met the surveyor at that place, because he told L. that he did, it was hearsay; but if it was introduced merely to enable the jury to understand where the witness testified he met the surveyor, it was not hearsay. In other words, it was not hearsay if it was introduced to enable the jury to understand and apply the witness' testimony; and the mere fact that it could be used for an illegal purpose did not render it inadmissible as a matter of law."