**UNITED STATES of America**

**v.**

**Joseph JONES, Appellant.**

**No. 24619.**

United States Court of Appeals, District of Columbia Circuit.

Feb. 23, 1972.

---

———————

Mr. Stephen S. Millstein, Tulsa, Okl. (appointed by this court) was on the brief for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., at the time the brief was filed, and John A. Terry, John F. Evans and John S. Ransom, Asst. U. S. Attys., were on the brief for appellee.

Before MacKINNON and WILKEY, Circuit Judges, and MATTHEWS,* U. S. Senior District Judge for the District of Columbia.

## PER CURIAM:

Appellant was convicted on two counts each of armed robbery and assault with a dangerous weapon (D.C.Code §§ 22–3202, 2901, 502) arising out of a holdup of a man and a woman at gunpoint at about 10 P.M. on March 29, 1969 in the vicinity of the Dupont Plaza Hotel. On this appeal he contends, *inter alia,* that the trial court erred in its instruction to the jury on the defendant as a witness.[1] Since we find that instruction to be proper we affirm the judgment.

At trial appellant requested the court to give the standard instruction concerning the defendant as a witness with the exception "that his particular interest not be pointed out." This request was denied,[2] and the court charged the jury as follows:

A defendant in a criminal trial is permitted to become a witness in his own behalf. His testimony should not be disbelieved merely because he is the defendant. However, in weighing his testimony, you have a right to consider the fact that he does have a vital interest in the outcome of the case. But, again, you should give his testimony such weight as in your very good judgment that testimony is fairly entitled to receive.

Tr. 469–670. This charge conforms substantially to No. 23 of the Criminal Jury Instructions for the District of Columbia published by the Junior Bar Section of the Bar Association of the District of Columbia. Appellant now claims error in the refusal of the court to grant his request to omit the portion concerning his personal interest in the testimony.

In addition to charging the jury in conformance with Instruction No. 23, the trial court also gave the approved instructions which point out that the jury "are the sole judges of [the] credibility [of the witnesses]" and that it is their "responsibility to resolve the conflict [in testimony] and determine where the truth lies." Tr. 467. The court's instructions also pointed out that the jury should consider "any matter that has bearing on the subject of credibility" including all the factors which are generally recognized as bearing on credibility. These include the witness' "interest in the outcome of the case. In short, all the things that in common sense and judgment are weighed in evaluating the quality of a witness' testimony." Tr. 468. The court's instructions clearly left the credibility of the witnesses and the determination of the essential facts to the untrammeled judgment of the jury.

MR. MILLSTEIN: That is on the defendant as a witness, as to his interest?

THE COURT: Yes.

MR. MILLSTEIN: I would ask that his particular interest not be pointed out.

THE COURT: I am going to give it over your objection. . . . (Tr. 424.)

---

\* Sitting by designation pursuant to 28 U. S.C. § 294(c) (1970).

1. Appellant's remaining contentions are without merit and we consider it unnecessary to discuss them here.

2. MR. MILLSTEIN: And the defendant as a witness, and that is all.
 THE COURT: I am going to give standard instruction 23, if that is what you are talking about.

In support of his contention that the instruction was improper, appellant relies principally upon State v. Bester, 167 N.W.2d 705 (Iowa 1969), and other state decisions. In *Bester* the Supreme Court of Iowa reconsidered their prior approval of instructions nearly identical to those in question here. Referring to the extensive annotation on this issue at 85 A.L.R. 523, 538–605 (1933), the Iowa Court decided to adopt the minority rule that this type of instruction is invalid. The rationale generally advanced for the minority view is that such an instruction constitutes an unwarranted usurpation by the trial judge of the power of the jury to independently evaluate the evidence. It is thus closely related to two general prohibitions that have attained some acceptance in various state courts: (1) that any or all judicial comment on the evidence is forbidden, and (2) that comment which singles out any given witness, especially the defendant as witness, from all other witnesses and serves to challenge the testimony of that single witness is impermissible. As the court in *Bester* recognized, since Iowa follows both of these general prohibitions their adherence to the majority view of the propriety of the instruction on the interest of the defendant as witness was anachronistic, and adoption of the minority rule was therefore quite appropriate.

■■ However, neither of the general prohibitions is applied in the federal courts.[3] Furthermore, both this court and the Supreme Court have repeatedly approved the instruction given in this case.[4] Finding no reason to reconsider our adoption of the majority view that this instruction is proper, the judgment below is accordingly

Affirmed.

3. Cases approving judicial comment on the evidence are legion. *See, e. g.*, Quercia v. United States, 289 U.S. 466, 469–471, 53 S.Ct. 698, 77 L.Ed. 1321 (1933); United States v. Baxley, 406 F.2d 397, 398 (4th Cir.), cert. denied, 394 U.S. 1007, 89 S.Ct. 1609, 22 L.Ed.2d 786 (1969); Kyle v. United States, 402 F.2d 443, 444–445 (5th Cir. 1968); Thurmond v. United States, 377 F.2d 448, 451 (5th Cir. 1967); Jones v. United States, 124 U.S.App.D.C. 83, 86, 361 F.2d 537, 540 (1966); Franano v. United States, 310 F.2d 533, 537–539 (8th Cir. 1962), cert. denied, 373 U.S. 940, 83 S.Ct. 1545, 10 L.Ed.2d 694 (1963); United States v. Gibas, 300 F.2d 836, 838–839 (7th Cir.), cert. denied, 371 U.S. 817, 83 S.Ct. 32, 9 L.Ed. 2d 58 (1962); Roberts v. United States, 109 U.S.App.D.C. 75, 77, 284 F.2d 209, 211 (1960), cert. denied, 368 U.S. 863, 82 S.Ct. 109, 7 L.Ed.2d 60 (1961); Wegman v. United States, 272 F.2d 31, 34 (8th Cir. 1959).

Cases in which the singling out of specific witnesses has been approved include, *e. g.*: Garrett v. United States, 382 F.2d 768, 772 (9th Cir. 1967), cert. denied, 390 U.S. 964, 88 S.Ct. 1069, 19 L. Ed.2d 1164 (1968); United States v. Bujese, 378 F.2d 719, 721 (2d Cir. 1967), *vacated on other grounds*, 392 U.S. 297, 88 S.Ct. 2064, 20 L.Ed.2d 1113 (1968); Golliher v. United States, 362 F.2d 594, 604 (8th Cir. 1966); United States v. Kelly, 349 F.2d 720, 765 (2d Cir. 1965), cert. denied, 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966); Todd v. United States, 345 F.2d 299, 301 (10th Cir. 1965); Wilson v. United States, 71 App. D.C. 54, 107 F.2d 253, cert. denied, 308 U.S. 612, 60 S.Ct. 180, 84 L.Ed. 511 (1939).

4. Reagan v. United States, 157 U.S. 301, 15 S.Ct. 610, 39 L.Ed. 709 (1895); Johnson *alias* Overton v. United States, 157 U.S. 320, 325–336, 15 S.Ct. 614, 39 L.Ed. 717 (1895); United States v. Gaither, 142 U.S.App.D.C. 234, 236, 440 F.2d 262, 264 (1971); Fisher v. United States, 80 U.S.App.D.C. 96, 98, 149 F.2d 28, 30 (1945), aff'd, 328 U.S. 463, 66 S.Ct. 1318, 90 L.Ed. 1382 (1946); Shettel v. United States, 72 App.D.C. 250, 252–253, 113 F.2d 34, 36–37 (1940).