**UNITED STATES of America**

v.

**James HILL, Appellant.**

**No. 71–1092.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 24, 1972.

Decided Aug. 2, 1972.

Mr. Roger Peed, Washington, D. ₁C. (appointed by this court), with whom Mr. Joel C. Wise, Washington, D. C., was on the brief, for appellant.

Mr. Roger M. Adelman, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty. at the time the brief was filed, John A. Terry and John D. Aldock, Asst. U. S. Attys. at the time the brief was filed, were on the brief, for appellee.

Before WRIGHT, LEVENTHAL and MacKINNON, Circuit Judges.

MacKINNON, Circuit Judge:

Following a jury trial appellant was convicted on four counts charging assault with intent to kill while armed,[1] and on four counts charging assault with a dangerous weapon.[2] He was sentenced to terms of imprisonment of two to nine years on each count of assault with intent to kill while armed, and two to seven years on each count of assault with a dangerous weapon—all terms of imprisonment to run concurrently. On this appeal appellant attacks the instruction to the jury calling attention to his interest in the outcome of the case, the sufficiency of the evidence to sustain the convictions, and the legality of his convictions for armed assault with intent to kill and assault with a dangerous weapon. We affirm the judgment on the four counts charging assault with intent to kill while armed and vacate the convictions on the four counts charging assault with a dangerous weapon. I dissent as to the vacation of the latter convictions.

I

At trial, Mrs. Catherine Hill, appellant's wife,[3] testified that at approximately 2:15 P.M. on January 22, 1970 appellant entered their house. Inside with Mrs. Hill were three of her children, Kenneth, age 14, Louis, age 6, and Jerome, age 3. She testified that after she and appellant had a slight disagreement concerning Jerome, appellant shot her from behind, with a pistol, while she was entering the kitchen. She suffered a wound behind her ear. Thereafter, while Kenneth was attempting to help his mother to the stairs, Miss Louise Robinson, a family friend, entered the Hill home. Mrs. Hill said that she informed Miss Robinson of what had occurred, but she indicated that Miss Robinson fled after appellant threatened her by placing the gun to her head.[4]

Mrs. Hill further testified that subsequent to the incident involving Miss Robinson, while she, Kenneth, Jerome, and Louis were making their way up the stairs, appellant went to the foot of the stairs and announced: "I am go-

---

1. D.C.Code § 22–501 (Supp. IV, 1971), which is applicable with respect to appellant's case, provides:

    Every person convicted of any assault with intent to kill . . . shall be sentenced to imprisonment for not less than two years or more than fifteen years. (31 Stat. 1321; 81 Stat. 736.)

    D.C.Code § 22–3202 (Supp. II, 1970), which was applicable at all times relevant to this case, provided:

    If any person shall commit a crime of violence in the District of Columbia when armed with or having readily available any pistol or other firearm, or other dangerous or deadly weapon, including but not limited to, sawed-off shotgun, shotgun, machinegun, rifle, dirk, bowie knife, butcher knife, switchblade knife, razor, blackjack, billy, metallic or other false knuckles, he may in addition to the punishment provided for the crime be punished by imprisonment for an indeterminate number of years up to life as determined by the court. If a person is convicted more than once of having committed a crime of violence in the District of Columbia when armed with or having readily

available any pistol or other firearm, or other dangerous or deadly weapon, including but not limited to, sawed-off shotgun, shotgun, machinegun, rifle, dirk, bowie knife, butcher knife, switchblade knife, razor, blackjack, billy, metallic or other false knuckles, then, notwithstanding any other provision of law, the court shall not suspend his sentence or give him a probationary sentence. (July 8, 1932, 47 Stat. 650, ch. 465, § 2; Dec. 27, 1967, Pub.L. 90–226, § 605. Title VI, 81 Stat. 737.)

2. D.C.Code § 22–502 (1967) provides:

    Every person convicted . . . of an assault with a dangerous weapon, shall be sentenced to imprisonment for not more than ten years.

3. Mrs. Hill waived her privilege not to testify against her husband.

4. Miss Robinson testified that she immediately left the Hill premises after she looked over her shoulder into the barrel of the pistol held by appellant. She subsequently summoned the police. The indictment in question did not charge appellant in respect to this incident.

ing to kill all of you." He then proceeded to fire two shots at the four of them, which missed their apparent mark and struck the wall behind them. After Mrs. Hill and the three children reached an upstairs bedroom, appellant, according to Mrs. Hill's testimony, stood in front of the bedroom door and again announced that he was going to kill all of them. Thereafter, Kenneth managed to drive off appellant, who retreated downstairs, where he reloaded his pistol. Kenneth Hill's testimony supported his mother's statements concerning appellant's shooting of her, his threatening of Miss Robinson, and his threatening and shooting at Mrs. Hill and the three children.

Officer Clark, who responded to Miss Robinson's call for help, testified that he arrested appellant in the first-floor bedroom, where he seized the pistol from appellant's coat, after appellant had informed him where it was located. He also testified that two bullet holes were found in the wall along the stairway.

Appellant took the stand in his own behalf. He testified that the shooting of his wife occurred accidentally, after she had complained to him about several things, while she was struggling to take the pistol away from him while he was engaged in the process of transferring it from one jacket to another. He said that he subsequently fired the two shots into the wall along the stairway merely to scare his wife away, so that he could ascertain if he had been injured by the bullet which had been discharged during their struggle. Appellant also testified that when he shot into the wall, the two young children —Louis and Jerome—were upstairs, and Kenneth was behind him.

The four counts of assault with intent to kill while armed, of which appellant was convicted, referred to the same assaults that were charged in the four counts alleging assault with a dangerous weapon. This is not a case where the assaults on each of the persons were committed at different times

—at broken intervals. The assaults were more or less a continuing pattern of activity.

## II

█ The trial judge instructed the jury:

> A defendant is permitted to become a witness in his own behalf.

> His testimony should not be disbelieved merely because he is the defendant.

> *In weighing his testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial.*

> You should give his testimony such weight as in your judgment it is fairly entitled to receive. (Emphasis added.)

Appellant contends that it was error to instruct the jury that it "may consider the fact that the defendant has a vital interest in the outcome of this trial" in evaluating the weight to be accorded to his testimony. We disagree. "Without suggesting that the use of this instruction is a practice to be preferred, we note that it is a standard one, and its propriety has been upheld on several occasions in this jurisdiction." United States v. Gaither, 142 U.S.App.D.C. 234, 236, 440 F.2d 262, 264 (1971), *and see* cases cited therein. *See* Fisher v. United States, 80 U.S.App. D.C. 96, 98, 149 F.2d 28, 30 (1945), aff'd, 328 U.S. 463, 66 S.Ct. 1318, 90 L.Ed. 1382 (1946). *See also* Shettel v. United States, 72 App.D.C. 250, 252–253, 113 F.2d 34, 36–37 (1940). In Taylor v. United States, 390 F.2d 278, 285 (8th Cir.), cert. denied, 393 U.S. 869, 89 S. Ct. 155, 21 L.Ed.2d 137 (1968), Judge (now Justice) Blackmun stated that he would prefer the court's general instruction as to all witnesses to include "a general reference, such as 'including the defendant.'" This is an acceptable alternative, one among many.

Similar instructions, and even more pointed ones, have been upheld by the Supreme Court and by other federal

courts. Reagan v. United States, 157 U.S. 301, 15 S.Ct. 610, 39 L.Ed. 709 (1895); United States v. Haney, 429 F.2d 1282, 1284 (5th Cir. 1970); Nelson v. United States, 415 F.2d 483, 487 (5th Cir. 1969), cert. denied, 396 U.S. 1060, 90 S.Ct. 751, 24 L.Ed.2d 754 (1970); United States v. Mahler, 363 F.2d 673, 678 (2d Cir. 1966); Stapleton v. United States, 17 Alaska 713, 260 F.2d 415, 420 (9th Cir. 1958); Marino v. United States, 91 F.2d 691, 699 (9th Cir. 1937). The recommended instruction on credibility of witnesses in 1 Devitt & Blackmar, Federal Jury Practice and Instructions § 12.11, p. 264 (1970) contains no specific reference to the interest of the defendant, but the note which accompanies it points out that such reference is not improper.[5]

The decision of the Supreme Court on this point in Reagan v. United States, *supra,* which is so frequently relied upon, leads us to cite the remarks of Justice Brewer, the author of the decision:

> It is within the province of the court to call the attention of the jury to any matters which legitimately affect his testimony and his credibility. This does not imply that the court may arbitrarily single out his testimony, and denounce it as false. The fact that he is a defendant does not condemn him as unworthy of belief, but at the same time it creates

an interest greater than that of any other witness, and to that extent affects the question of credibility. It is therefore a matter properly to be suggested by the court to the jury. But the limits of suggestion are the same in respect to him as to others. It is a familiar rule that the relations of a witness to the matter to be decided are legitimate subjects of consideration in respect to the weight to be given to his testimony. The old law was that interest debarred one from testifying, for fear that such interest might tend to a perversion of the truth. A more enlightened spirit has thrown down this barrier, and now mere interest does not exclude one from the witness stand, but the interest is to be considered as affecting his credibility. This rule is equally potent in criminal as in civil cases, and in neither is it error for the trial court to direct the attention of the jury to the interest which any witness may have in the result of the trial as a circumstance to be considered in weighing his testimony and determining the credence that shall be given to his story.

157 U.S. at 305–306, 15 S.Ct. at 611. The instruction there upheld addressed itself very strongly to the defendant's personal interest in the outcome of his trial.[6] Some of the objections that have

---

5.  "An instruction may properly point out the defendant's special interest in a case." United States v. Sullivan, 329 F.2d 755, 757 (2d Cir. 1964), cert. denied 377 U.S. 1005, 84 S.Ct. 1943, 12 L.Ed.2d 1054. See Caldwell v. United States, 338 F.2d 385, 392 (8th Cir. 1964), cert. denied 380 U.S. 984, 85 S.Ct. 1354, 14 L.Ed.2d 277 (1965). But, see Taylor v. United States, 390 F.2d 278, at 284–285 (8th Cir. 1968), cert. denied 393 U.S. 869, 89 S.Ct. 155, 21 L.Ed.2d 137.

    In Taylor v. United States, supra, 390 F.2d at 285 (8th Cir. 1968), the court did not reverse because of an instruction pointing out the defendant's interest in the case, when the defendant took the stand, but held that an instruction on the form given above is much superior and free of risk.

Nelson v. United States, 415 F.2d 483, 487 (5th Cir. 1969) found no error in the court's advising the jury of the defendant's "very keen personal interest" in the result of the verdict.

Cf. Crim. Jury Instr. D.C. No. 23. See Rivera-Vargas v. United States, 307 F.Supp. 1075, 1078 (D.C.Puerto Rico 1969.)

1 Devitt & Blackmar, *supra,* at 264–65. Recent cases cited to the same effect include: United States v. Haney, *supra,* and United States v. Morris, 308 F.Supp. 1348, 1351 (E.D.Pa.1970).

6.  The instruction stated:
    "You should especially look to the interest which the respective witnesses have in the suit, or in its result. Where the witness has a direct personal interest in the result of the suit, the tempta-

been raised to singling out the defendant's special interest are: (1) that it is unnecessary, (2) that it violates his statutory right to be a witness in his own behalf, and (3) that it trespasses upon the presumption of innocence. We do not find the instruction to be objectionable on any of these grounds.

The reference in the instruction to the interest of the defendant in the outcome of the case merely states an obvious fact. It is customary in the court's general charge to point out that, "In considering the weight and value of the testimony of any witness you may take into consideration . . . the interest of the witness in the outcome of the case, if any . . . . " [7] Also in the charge on credibility of witnesses: "Consider also any relation each witness may bear to either side of the case . . . . " [8] and: "The interest or lack of interest of any witness in the outcome of this case . . " [9]

If any witness has a special interest in the case it is within the sound discretion of the trial judge to call that interest to the specific attention of the jury. [10] While Congress by statute [11] has prescribed that a criminal defendant is a competent witness in his own case, that does not exempt his testimony from the same scrutiny as the testimony of other witnesses with a special interest. His interest is a very special one and we adhere to that long line of cases which hold that it may be the subject of a specific instruction. We wholly fail to see how the instruction trespasses upon the statutory authorization or the presumption of innocence since it merely treats his evidence the same as that of any other witness with a very special interest. The trial judge has considerable latitude in fashioning instructions to fit the case. We find the instruction as here given to be proper.

### III

Appellant also contends that there was insufficient evidence to support his convictions on all counts. We

---

tion is strong to color, pervert, or withhold the facts. The law permits the defendant, at his own request, to testify in his own behalf. The defendant here has availed himself of this privilege. His testimony is before you, and you must determine how far it is credible. The deep personal interest which he may have in the result of the suit should be considered by the jury in weighing his evidence, and in determining how far, or to what extent, if at all, it is worthy of credit."
157 U.S. at 304, 15 S.Ct. at 611.

7. 1 Devitt & Blackmar, *supra*, § 10.01, p. 186 (1970).

8. *Id.* § 12.01, p. 253.

9. 2 *Id.* § 80.09, p. 218.

10. The special interest of informers may be singled out and brought to the attention of the jury. *See* 1 Devitt & Blackmar, *supra*, § 12.03 for an appropriate instruction. *See also, accomplice instruction, id.,* § 12.04. Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), ordered a new trial because the prosecutor failed to bring out that a key witness against the defendant had been promised immunity from prosecu-

tion. The Chief Justice pointed out that because the Government's case depended almost entirely on the witness' testimony his credibility was "an important issue in the case, and evidence of any understanding or agreement as to a future prosecution would be relevant to his credibility and the jury was entitled to know of it." When evidence assumes this much importance such fact may be called to the specific attention of the jury, though that issue was not discussed in *Giglio*. The interest of a defendant in a case is usually even more important than the interest of an informer.

11. 18 U.S.C. § 3481 provides:
In trial of all persons charged with the commission of offenses against the United States and in all proceedings in courts martial and courts of inquiry in any State, District, Possession or Territory, the person charged shall, at his own request, be a competent witness. His failure to make such request shall not create any presumption against him. (62 Stat. 833)
The incompetency of defendants to testify as witnesses in federal criminal trials was removed by the Act of March 16, 1878, ch. 37, 20 Stat. 30.

find this contention to be similarly without merit. With respect to the four counts of assault with intent to kill while armed, Judges Wright and Leventhal consider that the contention that the crime of assault with a dangerous weapon (D.C.Code § 22–502) merged into the crime of assault with intent to kill while armed with a dangerous weapon (D.C.Code §§ 22–501, 22–3202) raises a serious and difficult question that, under the ruling in United States v. Hooper, 139 U.S.App.D.C. 171, 432 F.2d 604 (1970), they need not reach here because of the concurrent sentences, the mildness of the punishment adjudged, the judge's recommendation for psychiatric treatment and the necessity for conserving judicial resources. Accordingly, they vote to vacate the convictions on the four counts charging assault with a dangerous weapon. To the extent that the following views support the convictions of assault with a dangerous weapon they represent only my individual views.

The extremely damaging testimony of Mrs. Hill and Kenneth Hill clearly supported the jury's finding of assault with intent to kill while armed and of assault with a dangerous weapon with respect to *each* of the four victims.[12] The testimony of Miss Robinson further supported the prosecution's case. Although some of Mrs. Hill's testimony was slightly contradictory in regard to Kenneth's position at the time the two shots were fired into the stairway wall, Kenneth's own testimony on this point was unequivocal. The fact that appellant's testimony supported his claim of innocence merely created an issue of fact for the jury to resolve. *See* Crawford v. United States, 126 U.S.App.D.C. 156, 158, 375 F.2d 332, 334 (1967); United States v. Parker, 143 U.S.App. D.C. 57, 58–59, 442 F.2d 779, 780–781 (1971); Curley v. United States, 81 U. S.App.D.C. 389, 392–397, 160 F.2d 229, 232–237, cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947).

## IV

Finally appellant attacks his convictions for assault with intent to kill *while armed* with a dangerous weapon (D.C.Code §§ 22–501 and 22–3202) and assault with a dangerous weapon (D.C. Code § 22–502), on the ground that the convictions resulted from "the same act or transaction" and that "the proof of each count . . . was identical." He asserts that the assault with a dangerous weapon counts should have merged into the assault with intent to kill while armed counts, as lesser included offenses.[13] For the reasons set forth below, my individual views, which differ from the majority of the panel, are to the contrary.

To my mind there is no difficulty in recognizing that under the mechanical test outlined in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932),[14] the offenses of assault with intent to kill under D.C.Code § 22–501 and assault with a dangerous weapon (D.C.Code § 22–502) charge separate offenses. However, the two classes of offenses may not both

---

12. *See* Part IV of this opinion, *infra*, regarding the discussion of the assault with a dangerous weapon convictions as not being included in the assault with intent to kill while armed convictions.

13. Appellant did not raise this issue in the court below. I would consider it here, however, because of its importance. *See* Fed.R.Crim.P. 52(b).

14. This test, which was reaffirmed by the Supreme Court in Gore v. United States, 357 U.S. 386, 388–390, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958), has generally been applied by this court to criminal merger questions arising in the District of Columbia. *See* United States v. Spears, 145 U.S.App.D.C. 284, 287–288, 449 F.2d 946, 949–950 (1971); Ingram v. United States, 122 U.S.App.D.C. 334, 335, 353 F.2d 872, 873 (1965); Young v. United States, 109 U.S.App.D.C. 414, 416, 288 F.2d 398, 400 (1961), cert. denied, 372 U.S. 919, 83 S.Ct. 734, 9 L.Ed.2d 725 (1963). *See generally* Wharton's Criminal Law and Procedure (Anderson ed. 1957) §§ 32 and 33, vol. 1, pp. 67–72; *id.*, § 1888, vol. 4, pp. 752–754.

be punished by consecutive sentences.[15] This case presents somewhat of a factual problem, however, since appellant was convicted of assault with intent to kill *while armed* with a dangerous weapon [16] and of assault with a dangerous weapon.[17] Thus the offense proscribed by section 22–501 is charged in the aggravated form as authorized by section 22–3202. This requires a determination whether the additional allegation that appellant was armed with a dangerous weapon when he assaulted the victims with intent to kill charges an offense which includes the charge under section 22–502 that he assaulted the same victims with a dangerous weapon. It is my conclusion that the charge of assault with a dangerous weapon is not included in the charge of assault with intent to kill while armed with a dangerous weapon.

Even if we assume that the allegation that appellant assaulted the victims with a dangerous weapon impliedly alleges that he was *armed with* a dangerous weapon, we still are left with each count requiring proof of one element that is not required by the other. The main elements of proof of each offense can be summarized as follows:

| Count One<br>Armed Assault | Count Three<br>Assault with dangerous<br>weapon |
|---|---|
| (D.C.Code §§ 22–501, 3202) | (D.C.Code § 22–502) |
| 1. Assault of Catherine Hill | 1. Assault of Catherine Hill |
| 2. While armed with a dangerous weapon, a pistol | 2. (While armed with a dangerous weapon, a pistol) (Implicitly required) |
| 3. With intent to kill Catherine Hill | 3. Assault with a dangerous weapon, a pistol |
| 4. Criminal intent (*see* 3) | 4. Criminal intent |

From this analysis it is plain to me that the charge of armed assault (§§ 22–501, 3202) requires proof that appellant (1) intended to kill, and that the § 22–502 charge requires proof that appellant (2) committed the assault with a dangerous weapon; and that strictly speaking, either such fact is required to be proved as a component part of the other offense, even though evidence of the assault with a dangerous weapon may be probative on the issue of intent to kill.[18] Under such circumstances, and in view of our prior holdings which sup-

---

15. Smith v. United States, 135 U.S.App. D.C. 284, 418 F.2d 1120, cert. denied, 396 U.S. 936, 90 S.Ct. 280, 24 L.Ed.2d 235 (1969); Ingram v. United States, *supra* note 14. *Cf.* Irby v. United States, 129 U.S.App.D.C. 17, 390 F.2d 432 (en banc, 1967), involving housebreaking and robbery; and Davenport v. United States, 122 U.S.App.D.C. 344, 353 F.2d 882 (1965) involving aggravated assault and manslaughter.

16. Count One, which is typical of the four counts under §§ 22–501 and 3202, charges:

On or about January 22, 1970, within the District of Columbia, James Hill, while armed with a dangerous weapon, that is, a pistol, assaulted Catherine Hill, with intent to kill the said Catherine Hill.

*See* note 1, *supra*, for the applicable statutes.

17. Count Three, which is typical of the four counts under § 22–502, charges:

On or about January 22, 1970, within the District of Columbia, James Hill assaulted Catherine Hill with a dangerous weapon, that is, a pistol.

*See* note 2, *supra*, for the applicable statute.

18. To my view the vacation of these convictions on such grounds is unjudicial.

port separate convictions under sections 22–501 and 502,[19] I would affirm the judgment of conviction for assault with a dangerous weapon which imposes, not consecutive, but concurrent sentences. I would not decline to pass on the merger issue because of my views set forth above and because it has long been the practice in this jurisdiction to charge lesser (not included) offenses.[20]

The judgment of conviction on the four counts charged under D.C.Code §§ 22–501 and 22–3202 is affirmed and that on the four counts charged under D.C.Code § 22–502 is vacated.

Judgment accordingly.

---

19. *See* note 15, *supra.*

20. In some instances this may favor the defendant by allowing the jury to con-

sider a lesser verdict than would be warranted by the full charge.