**UNITED STATES of America**

v.

**Jeremiah O'SULLIVAN, Defendant.**

**No. 73 Cr. 424.**

United States District Court,
S. D. New York.

Aug. 11, 1976.

---

5. Mrs. Tucker as Mr. Tucker's widow and survivor has a federal cause of action. *Brazier v. Cherry,* 293 F.2d 401 (5th Cir. 1961).

Robert B. Fiske, Jr., U. S. Atty., New York City, for the United States; Eugene N. Kaplan, Asst. U. S. Atty., of counsel.

Joseph I. Stone, New York City, for defendant.

## MEMORANDUM

EDWARD WEINFELD, District Judge.

The defendant was convicted upon his plea of guilty to two counts of an indictment charging him with conspiracy to violate, and a substantive violation of, the Federal Narcotics Laws, 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B) and 846. Thereafter, on July 17, 1975, the Court suspended the imposition of sentence and placed the defendant on probation for a period of three (3) years under special conditions set forth in the judgment of conviction. In November, 1975, the defendant failed to report for scheduled appointments with his probation officer in Westchester County. Subsequently, on December 1, 1975, the defendant was arrested in New York City for bank robbery.

The Government presented a petition for revocation of defendant's probation charging five (5) acts of violation: the failure to report to defendant's probation officer, three (3) bank robberies and one attempted bank robbery.[1] After a hearing at which stipulated and oral testimony was received, the Court found that defendant had committed the violations charged in the first two specifications, namely, the failure to report for scheduled appointments with his probation officer, and the commission of a bank robbery on the first day of December, 1975. Defendant did not deny that he committed the bank robbery but claimed that because upon a psychiatric examination it was found that he lacked criminal responsibility under the *Freeman* standard[2] at the time he committed that robbery and since he therefore could not be convicted[3] of that offense it cannot serve as the basis for a revocation of probation.

---

1. 18 U.S.C. §§ 3651, 3653.

2. *United States v. Freeman,* 357 F.2d 606 (2d Cir. 1966).

3. The government has indicated that it will enter a *nolle prosequi* to criminal charges filed against defendant as to this and other bank robberies allegedly committed while he was on probation.

The grant of probation instead of immediate incarceration is intended to allow a defendant an opportunity to rehabilitate himself. During his probation period he is required to comport with acceptable standards of conduct which include, among others, that he be a law-abiding member of the community.[4] In order to find a violation of the conditions of his probation, it is not necessary to find that the defendant has actually been convicted of a crime. "All that is required . . . is that the court be satisfied that the probationer has abused the opportunity given him to avoid incarceration."[5] It is the fact of his conduct rather than his legal responsibility therefor that governs. Where, as here, defendant has engaged in felonious conduct and has shown himself unable to benefit from the terms of probation, and where his continued freedom would pose a definite and serious danger to society, it does not matter that he cannot be held criminally responsible for his acts committed while on probation.[6]

The Court finds that the Government has sustained its burden of proof that defendant violated the terms of his probation as charged in specifications 1 and 2 of the petition for revocation. Parenthetically, it might be noted that the finding that the Government has sustained its charge of violation under specification 1, the failure to report to defendant's probation officer, is by itself sufficient to warrant revocation. Accordingly, probation is revoked.

---

**4.** General Conditions of Probation, Southern District of New York: "The probationer shall not violate any State or Federal Penal Law."

**5.** *Roberson v. Connecticut*, 501 F.2d 305, 308 (2d Cir. 1974); *see also United States v. Nagelberg*, 413 F.2d 708, 709 (2d Cir. 1969), *cert. denied*, 396 U.S. 1010, 90 S.Ct. 569, 24 L.Ed.2d 502 (1970); *United States v. Markovich*, 348 F.2d 238, 241 (2d Cir. 1965).

**6.** *United States v. Manfredonia*, 341 F.Supp. 790, 794 n.7 (S.D.N.Y.), *aff'd*, 459 F.2d 1392 (2d Cir.), *cert. denied*, 409 U.S. 851, 93 S.Ct. 61, 34 L.Ed.2d 93 (1972); *cf. United States v. Mercado*, 469 F.2d 1148, 1152–53 (2d Cir. 1972); *United States v. Webster*, 161 U.S.App. D.C. 1, 492 F.2d 1048, 1051–52 (1974); *Knight v. Estelle*, 501 F.2d 963 (5th Cir. 1974), *cert. denied*, 421 U.S. 1000, 95 S.Ct. 2399, 44 L.Ed.2d 668 (1975).