UNITED STATES, Appellee,

v.

William R. O'BERRY, III, Interior Communicationsman Fireman Apprentice U. S. Navy, Appellant.

No. 33,295.
NCM 75–2608.

U. S. Court of Military Appeals.

Aug. 29, 1977.

Lieutenant Michael E. Blount, JAGC, USNR, argued the cause for Appellant, Accused.

Lieutenant Commander A. K. Llewellyn, JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was Lieutenant Colonel P. N. Kress, USMC.

Opinion of the Court

PERRY, Judge:

The appellant was convicted of violating a lawful general regulation by selling and transferring lysergic acid diethylamide (LSD) to an informant (hereafter identified as C) and of possession of LSD on August 22 and September 24, 1974. He was sentenced to a bad-conduct discharge, confinement at hard labor for 4 months, forfeiture of $229 per month for 4 months, and reduction to the lowest enlisted grade. The United States Navy Court of Military Review has affirmed the conviction and sentence as approved. At this level, the appellant contends that the military judge committed reversible error when he permitted the Government to elicit from him on cross-examination that he was then on probation as a result of his civilian court conviction and what the circumstances of that conviction involved. We agree.

At trial, the prosecution's entire case was presented by Machinist Mate Fireman C, who worked aboard his ship as a confidential informant for the Naval Investigative Service. His testimony established the transactions alleged in the specifications. On cross-examination several inconsistent statements by C were revealed, one of which concerned the matter of whether on August 22 the accused was wearing a beard. C testified that the accused had a thin short beard on August 22, whereas in his written statement C wrote that the accused was "clean shaven."

For the defense, several witnesses disputed C's written statement about the accused being "clean shaven" in August 1974. They

also testified that the accused was known as "OB" rather than "Willie" as C had testified. In his sworn testimony the accused stated that he had never seen C before he testified in court and he never sold or transferred LSD to him.

On cross-examination the prosecution elicited from the appellant that at the time of the trial he was on probation as a result of a civil court conviction in Connecticut. He was sentenced on September 4, 1974, to confinement for 1 year which was suspended for 2 years. He admitted being convinced that a court-martial conviction would affect his probation, but he denied that he would lie because his probation status was in jeopardy. On redirect examination defense counsel brought out that the conviction was for possession of marihuana, which is a misdemeanor in Connecticut.

In rebuttal the prosecution produced a witness who testified that, as an undercover informant, he was present at meetings in November 1974 where the accused met and talked with C. The accused had then indicated he knew C.

Resolution of this question involves consideration of several provisions of the Manual for Courts-Martial, United States, 1969 (Revised edition). Paragraph 153*b*(2)(b) provides:

> A witness may be impeached by showing that he has been convicted by a civil or military court of a crime—that is, any offense of a civil or military nature—which involves moral turpitude or otherwise affects his credibility.

That paragraph defines the term "moral turpitude or otherwise affects his credibility" as including offenses which are punishable as a felony under state law or under the United States Code by confinement for more than 1 year. See 18 U.S.C. § 1(1).

However, the offense involved here was punishable under federal law [1] by confinement for only 1 year, and thus was not considered a felony. Therefore, neither under Connecticut nor federal law did it qualify under paragraph 153*b*(2)(b), *supra*. For the same reason, it did not qualify under rule 609(a), Federal Rules of Evidence. *See United States v. Hayes*, 553 F.2d 824 (2d Cir. 1977). In its brief, the Government concedes as much, but contends that the fact that at the time of trial the appellant was still on probation gave him a motive to testify falsely. The Government relies upon paragraph 153*b*(1), MCM, 1969 (Rev.), which states: "Impeachment is the process of attempting to diminish credibility. The credibility of any witness, including an accused who has become a witness may be attacked." Further reliance is placed upon the provision that: "On the question of his credibility . . ., a witness may be cross-examined as to . . . his interest, motives, and inclinations . . . ." Paragraph 149*b*(1), MCM, 1969 (Rev.). Finally, the Government cites paragraph 153*b*(2)(d) of the Manual as support for their position. That provision states that "matters showing prejudice, bias, or any motive to misrepresent may be shown to diminish the credibility of the witness . . . ." The Government relies upon *Reagan v. United States*, 157 U.S. 301, 15 S.Ct. 610, 39 L.Ed. 709 (1885), and *United States v. Hill*, 152 U.S. App.D.C. 213, 470 F.2d 361, 365 (1972), for the proposition that the jury may be told of any "special interest" which a witness may have in the case since it may affect his credibility.

The question then is whether the fact that the accused is on probation at the time of trial constitutes a "motive to misrepresent" which may be considered as affecting his credibility.

Initially, we take note of the decision in *Hawk v. Superior Court*, 42 Cal.App.3d 108, 116 Cal.Rptr. 713 (1974), hearing denied December 11, 1974, which recognized that it was "highly improper" to seek to bring out "the fact that a witness who has not been convicted of a felony is residing in jail" because that tactic is an effort to "evade the rule [against impeachment with misdemeanor convictions] by indirection." 42 Cal.App.3d at 129, 116 Cal.Rptr. at 726. However, *Hawk* is not dispositive since the

---

1. 21 U.S.C. § 844(a).

*mere* fact that one is in jail does not provide a "motive to misrepresent."

In our opinion, the fact that appellant was on probation on account of his conviction of a misdemeanor at the time of trial does not provide a "motive to misrepresent." The theory advanced by the Government is that the accused will likely testify falsely in order to deceive the factfinders into acquitting him and thereby preclude revocation of his probation because of their decision that misconduct had not been proved against him. This position utterly disregards the principle that acquittal of an offense does not preclude that same offense from providing the basis for revocation of probation. The reason for that rule is that the standard of proof in a probation revocation proceeding is by a preponderance of the evidence or less,[2] while at the criminal proceeding the standard is beyond a reasonable doubt. *In re Coughlin*, 16 Cal.3d 52, 127 Cal.Rptr. 337, 545 P.2d 249 (1976); *United States v. Chambers*, 429 F.2d 410, 411 (3d Cir. 1970); *United States v. O'Sullivan*, 421 F.Supp. 300, 302 (D.C.S.D.N.Y. 1976); *Scott v. State*, 238 Md. 265, 208 A.2d 575 (1965). *See also Kartman v. Parratt*, 535 F.2d 450, 458 (8th Cir. 1976). Since Connecticut also permits a "substantially lower" standard of proof to support revocation of probation than necessary for conviction, the foregoing principle apparently applies there. *State v. Roberson*, 165 Conn. 73, 327 A.2d 556, 559–60 (1973). Irrespective then of the outcome of the appellant's trial in the instant case, his probation was subject to a revocation proceeding in the Connecticut courts. Hence, the fact that he was on probation did not constitute *ipso facto* evidence that he possessed a motive to misrepresent based upon his probation status.[3] Whether he was aware of that fact does not change the validity of the principle. Indeed, the judge had the obligation to disabuse him of any misconception in this regard. *Cf. United States v. Graves*, 23 U.S.C.M.A. 434, 50 C.M.R. 393, 1 M.J. 50 (1975).

Therefore, we hold that the appellant's probationary status at the time of trial was inadmissible to impeach his credibility. However, reversal is not required unless we determine that specific prejudice exists. *United States v. Gilliam*, 23 U.S.C.M.A. 4, 48 C.M.R. 260 (1974). Because the sole factual question before the jury turned on the credibility of the informant or the appellant, we are satisfied that there is a fair risk that the jury was influenced by the appellant's so-called "special interest" arising from his probationary status. Accordingly, we conclude that the error in presenting that information was prejudicial.

Although there are several derivative aspects to this matter, it is unnecessary to address them in view of our conclusion regarding appellant's probationary status. We only comment that the judge's instruction after the defense brought out that the conviction was for possession of marihuana improperly permitted the jury to consider the offense as affecting his credibility. *Cf. United States v. Weaver*, 23 U.S.C.M.A. 445, 449, 50 C.M.R. 464, 468, 1 M.J. 111, 115 (1975); *Albertson v. State*, 89 N.M. 499, 554 P.2d 661 (1976); *United States v. Smith*, 420 F.2d 428 (5th Cir. 1970). Under the circumstances herein, this in itself constituted prejudicial error. *United States v. Dixon*, 17 U.S.C.M.A. 423, 425, 38 C.M.R. 221, 223 (1968).

The decision of the United States Navy Court of Military Review is reversed, and the findings of guilty and sentence are set aside. A rehearing may be ordered.

Chief Judge FLETCHER concurs.

Judge COOK concurs in the result.

---

2. *See generally* cases cited in Criminal Law, Section 982.9(5), of West's General Digest Fourth Series Numbers 1–42 (1967–1976) and Fifth Series, Numbers 1–2 (1977).

3. Fed.R.Evid. 404(b) would not permit admission of this fact, in view of this conclusion.