## UNITED STATES

v.

**Anthony Fawley GLENN, 488 56 4391, Lance Corporal (E–3), U. S. Marine Corps.**

**NCM 77 1324.**

U. S. Navy Court of Military Review.

Sentence Adjudged 28 March 1977.

Decided 19 Dec. 1977.

LT Philip G. Cohen, JAGC, USNR, Appellate Defense Counsel.

LT Christine M. Yuhas, JAGC, USN, Appellate Government Counsel.

Before NEWTON, GLADIS and GRANGER, JJ.

GLADIS, Judge:

The accused was convicted at a special court-martial bench trial of aggravated assault and burglary. On appeal, he contends that failure of his defense counsel to make a motion to strike the testimony of a key prosecution witness who refused to answer a question on cross-examination constituted ineffective assistance of counsel, and that admission of evidence of a prior special court-martial conviction after findings requires a rehearing on sentence. He also suggests that the military judge erred in granting a prosecution motion for continuance and denying a defense motion to strike testimony concerning incriminating admissions to an informer who had not warned the accused of his rights under Article 31, Uniform Code of Military Justice, 10 U.S.C. § 831.[1] We find no prejudice and affirm. The accused's contention concerning lack of effective assistance of counsel is the only assignment of error warranting discussion.

A key prosecution witness testified on direct examination that the accused made damaging admissions to her. She was subjected to a searching cross-examination during which the witness admitted that she had been an unauthorized absentee, had a pregnancy out of wedlock, and had homosexual relations. When, however, she was asked by individual civilian defense counsel whether she smoked marijuana, the military judge did not require her to answer. Citing *United States v. Rivas*, 3 M.J. 282 (C.M.A.1977), the accused claims that defense counsel was attempting to impeach the witness by showing that she had committed an offense involving moral turpitude,[2] and counsel's failure to move to strike her damaging direct testimony constituted ineffective assistance of counsel.

---

1. *See United States v. Hinkson*, 17 U.S.C.M.A. 126, 37 C.M.R. 390 (1967).

2. *See* MCM, 1969 (Rev.), para. 153*b* (2).

We assume for the purpose of this appeal that use of marijuana is an offense involving moral turpitude and, therefore, admissible to impeach the credibility of a witness. *But see, United States v. O'Berry*, 3 M.J. 334 (C.M.A.1977), which holds that a misdemeanor conviction of possession of marijuana does not involve moral turpitude; and *United States v. Williams*, 25 U.S.C.M.A. 176, 54 C.M.R. 284, (Interim), 2 M.J. 81 (1976), which holds that, standing alone, off-base possession of hashish is not subject to court-martial jurisdiction. *Rivas* holds that, when an adverse witness refuses to answer questions on cross-examination and the remedy is to have his direct testimony stricken from the record, failure of defense counsel to make a motion to strike constitutes ineffective assistance of counsel if no possible advantage can be reasonably derived by the defense from that direct testimony. The Government replies, in effect, that *Rivas* is inapposite because, under the circumstances of this case, the accused was not entitled to have the direct testimony of the witness stricken. The Government relies on *United States v. Cardillo*, 316 F.2d 606 (2d Cir. 1963), *cert. denied*, 375 U.S. 822, 84 S.Ct. 60, 11 L.Ed.2d 55 (1963), *reh. denied*, 375 U.S. 926, 84 S.Ct. 863, 11 L.Ed.2d 169 (1963), which holds that an accused is not entitled to have the direct testimony of a witness who refuses to answer questions on cross-examination stricken when the refusal does not preclude inquiry into matters about which the witness testified on direct examination, but merely precludes inquiry into collateral matters which bear only on the credibility of the witness. Where the witness refuses to answer questions as to purely collateral matters, there is little danger of prejudice to the accused, and the direct testimony may be used against him. *Id.* *Also see United States v. Marcus*, 401 F.2d 563 (2d Cir. 1968), *cert. denied*, 393 U.S. 1023, 89 S.Ct. 633, 21 L.Ed.2d 567 (1969); *Coil v. United States*, 343 F.2d 573 (8th Cir. 1965), *cert. denied*, 382 U.S. 821, 86 S.Ct. 48, 15 L.Ed.2d 67 (1965). We recognize that the Court of Military Appeals has not decided whether an accused is entitled to have the direct testimony of a witness who refuses to answer questions on cross-examination that do not go to the core of his direct testimony or are not crucial to the merits stricken. *See United States v. Colon-Atienza*, 22 U.S.C.M.A. 399, 47 C.M.R. 336 (1973). In light, however, of the considerable body of law holding that an accused is not entitled to have direct testimony stricken under such circumstances, the failure of trial defense counsel to move to strike the direct testimony did not constitute ineffective assistance of counsel. Clearly, a trial judge's refusal to strike the testimony of a material Government witness who refuses to answer defense questions calculated to impeach his credibility can, under some circumstances, constitute prejudicial limitation of the accused's right to cross-examine the witness. *See Id.* Such circumstances are not present in this case. The accused has not been prejudiced by his inability to obtain an answer to the question posed on cross-examination. The question neither went to the core of the direct testimony of the witness nor was crucial to the merits. In view of the searching cross-examination permitted, the testimony concerning credibility sought in the unanswered question would have been cumulative. The accused's contention lacks merit.

The other assignments of error raised by appellate defense counsel and by the accused in request for appellate representation also are without merit.

The findings of guilty and sentence as approved on review below are affirmed.

Senior Judge NEWTON and Judge GRANGER concur.