993 F.2d 914
 301 U.S.App.D.C. 252
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Kenneth LAWRENCE, Appellant.
 No. 92-3008.
 United States Court of Appeals, District of Columbia Circuit.
 April 29, 1993.
 
 Before WALD, BUCKLEY, and WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.R. 14(c).
 
 
 2
 Appellant Kenneth Lawrence's sole claim on appeal is that his conviction for possessing cocaine with the intent to distribute should be reversed because the district court, following standard District of Columbia instructions relating to a defendant's testimony, informed the jury that "the defendant has a substantial interest in the outcome of the trial." This instruction followed a charge to the jury that stated police witnesses should be evaluated as any other witnesses.
 
 
 3
 Defendant-as-witness instructions noting defendant's "vital interest" in the outcome of the trial, and thus more strongly worded than the instruction at issue here, have been repeatedly upheld by this Court. See, e.g., United States v. Jones, 459 F.2d 1225, 1226-27 (D.C.Cir.1972) (per curiam); United States v. Hill, 470 F.2d 361, 363-65 (D.C.Cir.1972). Contrary to Lawrence's claim, the juxtaposition of the defendant-as-witness instruction with the police-officer-as-witness charge does not persuasively distinguish his case from Jones or Hill. Moreover, taken as a whole, the district court's jury instructions "clearly left the credibility of the witnesses and the determination of the essential facts to the untrammeled judgment of the jury." Jones, 459 F.2d at 1226. Accordingly, it is
 
 
 4
 ORDERED AND ADJUDGED by the court that the judgment of the District Court appealed from herein be affirmed.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15. This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.