8 F.3d 72
 303 U.S.App.D.C. 419
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Larry MOODY, Appellant.
 No. 92-3030.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 20, 1993.
 
 Before: EDWARDS, WILLIAMS and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Larry Moody challenges his conviction for possession with intent to distribute more than five grams of cocaine base. He assigns as errors "the government's unauthorized and uncorrected use in rebuttal of an improper 'missing witness' argument," and the district court's "damaging ['defendant as witness'] instruction that devalued Mr. Moody's testimony." Appellant's Brief at 8. We find no merit to Moody's arguments.
 
 
 5
 First, the challenged statement by the prosecutor cannot fairly be read as urging the jury to infer that the missing witness (James Jackson) would have given testimony damaging to Moody. Even if the prosecutor intended to make such an argument, she never had the chance to do so because Moody's counsel successfully objected to what he anticipated might be an impermissible missing witness argument. Unlike other "missing witness" cases that have come before the court, this case does not involve a prosecutor who explicitly referred to a witness' failure to testify or asked the jury to infer that the witness' testimony would have been damaging to the defendant. Cf. United States v. Pitts, 918 F.2d 197 (D.C.Cir.1990); Bradley v. United States, 420 F.2d 181, 185 (D.C.Cir.1969); Gass v. United States, 416 F.2d 767, 775 (D.C.Cir.1969). Because the prosecutor in this case never made a missing witness argument, the district court was under no obligation to give the jury a curative instruction.
 
 
 6
 Second, defendant-as-witness instructions noting defendant's "vital interest" in the outcome of the trial, and thus more strongly worded than the instruction at issue here, have been repeatedly upheld by this court. See United States v. Hill, 470 F.2d 361, 363-65 (D.C.Cir.1972); United States v. Jones, 459 F.2d 1225, 1226-27 (D.C.Cir.1972) (per curiam). Appellant has not persuasively distinguished his case from Hill or Jones. Moreover, taken as a whole, the district court's jury instructions "clearly left the credibility of the witnesses and the determination of the essential facts to the untrammeled judgment of the jury." Jones, 459 F.2d at 1226.