90 F.3d 591
 319 U.S.App.D.C. 368
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Billy Ray SMITH, Appellant.
 No. 92-3055.
 United States Court of Appeals, District of Columbia Circuit.
 July 5, 1996.
Rehearing Denied Sept. 10, 1996.
 
 Before: WILLIAMS, RANDOLPH, and ROGERS, Circuit Judges.
 JUDGEMENT
 PER CURIAM.
 
 
 1
 These consolidated appeals were considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Billy Ray Smith challenges his conviction for distribution of cocaine base on the ground that the district court improperly gave a defendant as witness instruction which suggested to the jury that defendant's testimony was false and unduly prejudiced him because the case turned entirely on witness credibility. Appellant's Brief at 13. Smith also appeals the denial of his motion for new trial based upon newly discovered evidence and ineffective assistance of counsel, claiming the district court erred when it found the new evidence cumulative and irrelevant to the issue on which appellant sought a new trial. In addition, Smith presents the following issues pro se: (1) juror bias; (2) perjury by the police officers who arrested him; (3) bias of government's drug expert; (4) drugs tested by chemist do not fit the Sentencing Guidelines definition for cocaine base; (5) trial counsel rendered ineffective assistance by failing to have drugs tested by defense expert; (6) false impeachment of defense witness; (7) sentence imposed under a repealed statute; (8) denial of counsel at the precinct after his arrest.
 
 
 5
 First, defendant as witness instructions noting a defendant's "vital interest" in the outcome of the trial, and thus more strongly worded than the instruction at issue here, have been repeatedly upheld by this court. See United States v. Hill, 470 F.2d 361, 363-65 (D.C.Cir.1972); United States v. Jones, 459 F.2d 1225, 1226-27 (D.C.Cir.1972) (per curiam). Appellant has not persuasively distinguished his case from Hill or Jones. Moreover, taken as a whole, the district court's jury instructions "clearly left the credibility of the witnesses and the determination of the essential facts to the untrammeled judgment of the jury." Jones, 459 F.2d at 1226.
 
 
 6
 Second, appellant has not shown that the new evidence, if submitted at a new trial, would produce an acquittal. The following factors must be considered in determining whether to grant a new trial: (1) the evidence must have been discovered since the trial; (2) the party seeking the new trial must show due diligence in the attempt to procure the newly discovered evidence; (3) the evidence relied on must not be merely cumulative or impeaching; (4) it must be material to the issues involved; and (5) of such nature that in a new trial it would probably produce an acquittal. See, e.g., United States v. Sensi, 879 F.2d 888, 901 (D.C.Cir.1989). Since appellant was acquitted of the charge related to the drugs found in the white Thunderbird, the only relevant, noncumulative, testimony would be that of Teresa Collier. Because her testimony relates only to whether there is a connection between appellant and the marked $20 bill found in the apartment at 1339 Saratoga Avenue, however, it is unlikely that her testimony would produce an acquittal at a new trial. The marked bill was not the only evidence to connect appellant to the drug transaction. The jury was presented with direct evidence, in the form of testimony by the officer who conducted the hand-to-hand sale of drugs and a second officer who observed the drug transaction, that appellant was the person who made the sale. In addition, other officers heard appellant's identity broadcast over the radio and matched him to the description.
 
 
 7
 Because the result of the trial would likely have been the same even had trial counsel presented the witnesses appellant identified in his motion, we conclude that counsel did not render ineffective assistance by failing to produce them at trial. See Strickland v. Washington, 466 U.S. 668, 697 (1984) (if there is no prejudice, the adequacy of counsel's representation need not be considered).
 
 
 8
 Third, the district court properly rejected appellant's claim based upon juror bias. Larry Burke's testimony had limited probative value, and it was undermined by Smith's sister's testimony that she did not see Burke (her boyfriend of seven years and the father of her two children) at the scene of Smith's arrest. In addition, even assuming the juror bore ill will toward Burke, appellant has not shown any actual prejudice to himself.
 
 
 9
 Fourth, appellant is not entitled to a new trial based upon evidence that the officers who arrested him were involved in another arrest at the time they claim they arrested him. The evidence was not newly discovered because appellant had been aware of Kenneth Chloe's testimony, having shared a cell with him before trial, and appellant was not diligent in uncovering the evidence and presenting it at trial.
 
 
 10
 Fifth, appellant provides no evidence to support his bare allegation of bias on the part of the government's drug expert, Tricia Tosi, and no objection was made at trial to her testimony.
 
 
 11
 Sixth, appellant erroneously claims the drugs attributed to him do not meet the definition of cocaine base contained in the Sentencing Guidelines. Appellant appears to confuse the cutting agent with the ingredients of the cocaine base. It is sufficient that the government's drug expert testified that the substance was cocaine base.
 
 
 12
 Seventh, appellant's argument that counsel rendered ineffective assistance by failing to retain a drug expert cannot succeed because he provides no evidence to suggest that another chemist would have found something other than cocaine base.
 
 
 13
 Eighth, there is no evidence in the record that Hugh Clark was improperly impeached.
 
 
 14
 Ninth, appellant's claim that he was sentenced under a repealed statute is not discernible. He appears to be arguing that at his sentencing the district court invoked some rule, procedure or law which was no longer in effect but he fails to identify what that might be. He was found to have violated 18 U.S.C. § 841(a)(1) and (b)(1)(C), and was sentenced pursuant to the Sentencing Guidelines in effect at the time of his sentence.
 
 
 15
 Tenth, appellant's arrest was not a critical stage of the proceeding against him, and thus under the well-established Supreme Court precedent, his Sixth Amendment right was not denied. See Brewer v. Williams, 430 U.S. 387, 398-401 (1977); Powell v. Alabama, 287 U.S. 45, 68-69 (1932).